THE HAMBY MOUNTAIN GOLD MINES, LIMITED, *v.* FINDLEY.

1. Summons of garnishment having been served upon a foreign corporation, and it having answered by its agent, denying that it had at any time any money, property or effects belonging to the defendant, which answer was traversed by the plaintiff, who also served the garnishee with notice to produce its books, and this notice not having been responded to, it was error to direct a verdict against the garnishee in plaintiff's favor, on his motion without more.

2. The notice to produce, calling for the garnishee's stock-book, cash-book, original book or books of entry, journal and ledger, showing the account of the defendant with the garnishee, and any and all books showing the relation of the defendant to the garnishee,— is too extensive in range, and in part too vague in description. The court, before peremptorily requiring the production of such books, should be satisfied of the necessity for them; and none should be required to be produced except those (if any) showing dealings between the garnishee and the defendant.

May 7, 1890.

Garnishment.   Notice to produce papers.   Practice. Before Judge WELLBORN.   White superior court.   October term, 1889.

On August 30, 1888, Findley recovered a judgment against W. S. Mappin, and execution issued October 2, 1888.   On October 11, process of garnishment was sued out and served on the Hamby Mountain Gold Mines, Limited, a corporation of London, doing busi-

ness in White county, Ga. Answer was made by its
resident agent, John Mappin, denying indebtedness,
and was traversed by the plaintiff, stating that the
garnishee was indebted to W. S. Mappin at the time of
the service of the summons of garnishment, and be-
came indebted between the service of the same and the
making of the answer, and had property in its hands
belonging to W. S. Mappin at the time of the service
of the summons, and had received into its hands prop-
erty and effects belonging to him between the time of
the service of the summons and the making of the
same. The case came on to be tried at the October
term, 1889. Previously, on August 13, the plaintiff
had served the garnishee's attorney with a notice to it
to produce at the trial the stock-book, cash-book, the
original book or books of entry, the journal and ledger,
showing the account of W. S. Mappin with said com-
pany, and any and all books showing the relation of
W. S. Mappin to said company; also the minutes of
said corporation, showing the election of president,
vice-president, directors and other officers of said com-
pany and the salary of each, as said books contained
evidence material to the cause in behalf of plaintiff,
and he desired the use of them as evidence on the trial.
He called for response to the notice; and John Map-
pin swore that he was the only agent of the garnishee
in Georgia and had charge of the only business con-
ducted by it in this State, and its only office and only
property in this State were in his charge in Whi'e
county and had been since before this controversy
arose; that no such books or papers as are called for
in the notice had ever been in said office or in his pos-
session, power, custody or control; and that he sup-
posed there were such books as are described in the
notice, in the garnishee's office in London, but did not
know that they contained any accounts or transactions

between it and W. S. Mappin. Its attorney stated that he forwarded the notice served on him to the company on August 14, 1889, and had received no reply to his letter, and that he had none of the books called for. Plaintiff stated that he was satisfied that the garnishee's counsel did not have in their power or custody any of the books desired.

Counsel for the garnishee moved that plaintiff's traverse be stricken as insufficient, and because it did not deny the answer, and because it did not allege that the garnishee was indebted to the defendant by reason of any contract made with it in Georgia or its agent in Georgia or on account of any transactions in Georgia, or had or ever had any effects of defendant in Georgia; and did not show or allege any such indebtedness or the possession of any such effects as the courts of Georgia would have jurisdiction over. The motion was overruled. The plaintiff (who was his own counsel) then moved that the court direct a verdict against the garnishee for the amount of his claim for not producing the books called for in his notice, stating that he believed it was indebted to defendant for services rendered by him as director in this State; that he (defendant) was a resident of London, but had for a time been in this State as managing director of the garnishee; that he did not know whether the books would show any indebtedness on its part to defendant, but expected they would and desired them to ascertain whether they would. Counsel for the garnishee objected, on the grounds that the notice was too general and vague to be complied with, and was unreasonable in its requirements, and was not limited to such books as could be material or pertinent to the case, to wit, such as would show indebtedness to the defendant arising in Georgia; that there was no traverse, allegation or pleading showing that any such indebtedness or

v. 85-28.

any indebtedness existed, or that any effects were in existence or in the garnishee's hands as would be within the jurisdiction of the courts of Georgia; that it did not appear that anything that would be pertinent to the case was called for, and the court ought to indicate what books, if any, would be pertinent, and continue the case to the next term in order that the garnishee could comply with the notice after it was thus made more definite; that there was no issue, and the pleadings were not in shape for the jury to act on the case; and that the books called for were not and had never been within the jurisdiction of the court. The court overruled the objections and sustained the motion, and directed the jury to find a verdict for the plaintiff against the garnishee for the amount of his judgment, which they did, the execution being introduced to them.

The garnishee excepted to the overruling of its motion to strike the traverse, and to the sustaining of the plaintiff's motion to direct a verdict in his favor.

PERRY & DEAN and W. K. WILLIAMS, for plaintiff in error.

W. F. FINDLEY, contra.

BLANDFORD, Justice.

The defendant in error sued out a summons of garnishment to the plaintiff in error, and served it with notice to produce all the books of the corporation, including stock-ledger and all other books of every description whatever. When the case was called in court, the plaintiff in error not having responded to the notice, it being a foreign corporation and resident in England, upon motion of the defendant in error, the court ordered that the defendant in error take judgment against the garnishee, the plaintiff in error, without more. In this we think the court did wrong. The

record shows that the plaintiff in error had answered, by its agent, the summons of garnishment, denying that it had anything in its hands belonging to Mappin, the debtor,—any money, property or other effects whatever, at any time. There was a traverse filed by Findley to the answer of the garnishee; and the court, without more, upon the bare statement by Findley, directed a verdict in his favor. In *Parish* v. *Weed Sewing Machine Co.*, 79 *Ga.* 682, this court held that "The code, in §§3508, 3510, contemplates a peremptory requirement by the court to produce the books or papers specified in the notice, or some of them, before there can be a failure or refusal 'to comply with such order,' so as to entitle the adverse party, if plaintiff, to a judgment as by default, or if defendant, to a judgment as in case of nonsuit."

It furthermore appears in this case that the notice to produce the books and papers of the plaintiff company is too extensive in range, and as to a part of it, too vague in description. The court, before requiring the peremptory order to produce the books or papers of the adverse party, should satisfy himself of the necessity for such production. It is very clear from the notice in this case that many of the books required to be produced could not have availed the defendant in error anything if they had been produced; and we think that none ought to have been required to be produced except those showing dealings between the company and the debtor, if any such existed. So we think the judgment of the court below, allowing and directing the verdict of the jury, should be                    *Reversed.*