## LUMPKIN *et al.* v. CALLOWAY.

1. An action upon a promissory note signed by a principal and sureties may be brought against all of these persons in the county of the sureties' residence.
2. It is not cause for continuing such a case, at the instance of the sureties, when it is proceeding against them alone, judgment having already been rendered against the principal, that the latter is absent for providential cause. This is true though the counsel for the sureties state in their places that they can not go safely to trial without such principal, such counsel further stating that they do not represent him in the case.
3. There was no error in the trial of such action, notwithstanding the promissory note concluded with the words "this amount to be used as deposit as agent," in striking pleas which in effect alleged that the mean-

ing of the words quoted was that the principal, being the agent of a corporation, borrowed the money for which the note was given to deposit with his employer in lieu of a bond, these pleas further alleging that the money was so deposited by him, and that upon ceasing to be agent, he withdrew the deposit, but did not thereupon pay the note, and that the holder thereof failed to inform the sureties of these facts.

4. The evidence absolutely demanded the verdict for the plaintiff, and there was no error in directing the jury to find accordingly.

Submitted April 17, — Decided May 20, 1897.

Complaint on note. Before Judge Hart. Baldwin superior court. January term, 1896.

*Roberts & Pottle, D. B. Sanford* and *J. D. Howard,* for plaintiffs in error. *Whitfield & Allen,* contra.

COBB, J. Calloway sued Lumpkin as principal, and Sanford and eight others as sureties, upon a promissory note, in the superior court of Baldwin county. Lumpkin, the principal, filed no defense, and judgment was rendered against him by default. Four of the sureties filed pleas. To the judgment of the court striking certain of their pleas and directing a verdict for the plaintiff, they excepted.

1. A motion was made to dismiss the plaintiff's petition for want of jurisdiction, because it appeared on its face that Lumpkin, the principal, was not a resident of Baldwin county, but was a resident of Bibb county. All of the sureties resided in Baldwin county. There was no error in overruling this motion. "Principal and sureties are joint obligors, and may be sued together in the county of the sureties' residence." Civil Code, § 5872; *White* v. *Hart,* 35 *Ga.* 269.

2. At the trial an application was made for a continuance in behalf of the sureties, on the ground of the absence of Lumpkin for providential cause. Lumpkin was interested no longer in the suit as a party, and was not represented by counsel; and his absence, being a resident of another county, was no ground for a continuance by the sureties. He could not have been other than a witness, and as such was not compelled to attend out of the county of his residence.

3. That the note sued on contained the words, "this amount to be used as deposit as agent," the allegation being that the meaning of the words quoted was that Lumpkin, the principal,

being the agent of the Georgia Railroad Company at Milledge-ville, borrowed the money for which the note was given, to deposit with the railroad company in lieu of a bond, and that the money was so deposited, and that Lumpkin, upon ceasing to be agent, withdrew the deposit and failed to pay the note, and that Calloway, the creditor, failed to inform the sureties of this fact, was not a sufficient defense to the action on the note; and the plea setting up such facts was properly stricken on demurrer.

4. The evidence submitted wholly failed to support the pleas which were not stricken, and demanded a verdict for the plaintiff for the amount sued for; and the court committed no error in directing the jury to find accordingly.

*Judgment affirmed.    All the Justices concurring, except Lumpkin, P. J., disqualified.*