ELLIOTT *et al. v.* HIPP *et al.*

1. When duties are imposed on a judge of a superior court as an officer, another judge of the superior court has no power to issue a mandamus to compel the performance of such duties.

(a) The duty devolving upon the judge of a superior court under the Political Code, §§ 50, 51, providing for the appointment of a board of county registrars, is an official act.

2. Where the judge of another circuit to whom such application was presented refused a mandamus nisi against the judge named in the petition, and granted a restraining order and mandamus nisi against the registrars, it was proper for the judge granting the order and mandamus nisi to subsequently revoke the same and refuse to take further action on such application, for the reason that the same should be presented

to the judge referred to in the application, who had jurisdiction to act thereon and who was not disqualified from so doing.

(a) The allegation that a judge is active in aiding one faction of a political party in a county to gain control of the party and the politics of the county, in order to further his political purposes and interests and those of a faction with which he is in sympathy, does not disqualify him from passing on an application to enjoin the registrars from filing a registration list alleged to have been prepared by them with the names of certain persons opposing such faction illegally left off for the purpose of gaining such control, and to compel them by mandamus to place such names on the registration list.

(b) While the petition and the amendment thereto aver political interest and activity on the part of the judge in whose jurisdiction the case falls, and an attempt and conspiracy on his part with others to dominate and control the politics of the county in his own interest and that of others, the allegations made do not show that he has any pecuniary interest in the result of the litigation, nor do they state any other facts sufficient to render him disqualified from presiding in the case.

JULY 26, 1910.

Petition for mandamus.    Before Judge Bell.    Gilmer superior court.    June 25, 1910.

*Gober & Griffin* and *A. H. Burtz*, for plaintiffs.

*D. W. Blair* and *L. Z. Rosser*, for defendants.

HOLDEN, J. The plaintiffs in error addressed a petition to the superior court of Gilmer county, alleging that they were citizens and taxpayers of that county; that the judge of the circuit in which the county is situated had appointed a board of county registrars, all of whom belonged to one faction of a named political party. The petition prayed that a writ of mandamus issue against the judge of the circuit, requiring him to appoint a bipartisan board of registrars composed of citizens belonging to both factions; and an injunction against the registrars, restraining them from filing with the clerk of the superior court a list of registration with the names left off which they had illegally omitted therefrom; and a writ of mandamus, requiring them to complete the list of registration as they were required to do by law, and to place thereon the names of petitioners and others whom they had illegally left off. The judge of the Atlanta circuit, to whom the petition was presented, refused to issue a mandamus nisi against the judge, but issued a restraining order against the registrars and an order that the registrars show cause before him at a named time why the mandamus absolute and injunction as prayed should not be granted. Upon the hearing the judge of the Atlanta circuit re-

jected an amendment offered by the plaintiffs, and revoked the restraining order and mandamus nisi theretofore granted against the registrars, and refused to take further action in the matter, on a motion made by the registrars on the ground that Judge Morris of the Blue Ridge circuit was not disqualified to act upon the application and the judge of the Atlanta circuit had no jurisdiction to pass upon the same. The plaintiffs filed exceptions pendente lite to the refusal to issue a mandamus nisi against Judge Morris. They excepted to the order revoking the restraining order and mandamus nisi against the registrars, and to the refusal of the judge of the Atlanta circuit to entertain jurisdiction in the matter.

1. The provisions in reference to the appointment of county registrars are contained in the Political Code, §§ 50, 51. Section 50 requires that the judge of the superior court of each county shall biennially appoint three upright and intelligent citizens of the county as county registrars, and that he shall have the power, with or without cause, to remove any registrar and appoint a successor. Section 51 makes it the duty of the judge not to appoint all the registrars from any one political interest or party, but to so regulate his appointments and removals as to maintain a bipartisan board. Clearly the duties defined in these sections relate to acts to be performed by the judge of the superior court in his capacity as such judge, and therefore are official functions pertaining to that office. The writ of mandamus implies that the authority issuing it is possessed of power to enforce obedience to its mandate. One superior-court judge in this State has no more power than another, and no one of them has power to compel another to perform an official act. *Shreve* v. *Pendleton,* 129 *Ga.* 374 (58 S. E. 880).

2. The only relief sought against Judge Morris was that the court issue a writ of mandamus requiring him to appoint a bipartisan board of registrars. The prayer for process was that the defendants be required to appear "at a time fixed by the court." The petition was addressed to the superior court of Gilmer county, of which Morris is the judge, but was presented to a judge of the Atlanta circuit, who endorsed thereon that he took jurisdiction "by reason of the fact that Judge N. A. Morris is named as a party." The judge to whom the petition was presented refused to

issue a mandamus nisi, or other process, against Morris, and therefore the latter never became a party defendant in the case; and it can not be said that as judge of the superior court to which the petition was addressed he was disqualified from hearing the case because of being a party thereto. The action of the judge of the Atlanta circuit, refusing process against Judge Morris, left the case as one standing against the registrars named in the petition, in which the relief sought against them was an injunction to prevent them from filing with the clerk of the superior court the list of registration from which it was alleged they had illegally left off certain names, and a writ of mandamus requiring them to complete the list of registration as required by law and to place thereon the names of petitioners and others illegally omitted therefrom. Was the judge of the Blue Ridge circuit disqualified to pass on the application because of any of the matters alleged in the petition? Briefly stated, the gravamen of the case alleged against the registrars in the petition was a failure to discharge their duties as registrars, and the performance by them of illegal acts in connection with their duties as such in passing upon the qualification of citizens whose right to vote had been challenged and in preparing the registration lists; and on information and belief it was alleged that their illegal conduct was done at the instance and under the direction of Morris, the judge of the circuit. An amendment was offered, alleging that since 1904 Morris had been in a conspiracy with one Cox to dominate and control the politics of the county, and stating various acts done by them in furtherance of this design. The allegations, that one who holds the office of judge of the superior court is an active partisan of one political faction in a county, that it is his desire and to his interest that such faction should dominate and control the politics of the county, that he is engaged in a conspiracy to that end, that he attempts to influence and control the acts of other officials with this purpose in view, and that such officials, at his instance and direction, are acting illegally in order to accomplish such purpose, are not such as to disqualify such judge from hearing and acting on a petition making such allegations and seeking to restrain such officials from committing the illegal acts charged and to compel them to perform the duties enjoined upon them by law. The above is especially true where, as in this case, the allegations regarding the conduct

of the judge were made on information and belief and were not positively verified. It is to be presumed, that, in hearing and acting upon an application of the character outlined above, the judge will not disregard his solemn oath as an official charged with the just administration of the law, but will accord a fair and impartial hearing to the petitioners and grant them whatever legal relief they may show themselves entitled to receive. In 17 Am. & Eng. Enc. Law, 738, and in 23 Cyc. 582, it is stated that in the absence of statutory provisions, bias or prejudice on the part of a judge does not qualify him. The only provisions of our law on the subject of the disqualification of a judge are set forth in the Civil Code, § 4045, which provides "that no judge . . can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor of which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest." In 17 Am. & Eng. Enc. Law, pp. 738 and 740, it is stated that it is the general rule that statutory grounds of disqualification are exclusive. Under the provisions of the code section above referred to, Morris was not disqualified to act upon the petition, as the allegations thereof do not show that he was pecuniarily interested in the cause, or that he came within any of the other provisions relating to disqualification.

After the judge of the Atlanta circuit to whom the petition was presented refused a mandamus nisi against Morris, judge of the Blue Ridge circuit, as the allegations in the petition did not show that Judge Morris was disqualified from acting thereon, it would have been proper for the judge of the Atlanta circuit to have refused to grant a restraining order and a mandamus nisi against the registrars; but after having granted such order and mandamus nisi against them, it was proper to sustain the motion made by the defendant registrars and revoke the restraining order and mandamus nisi against them, and to refuse to entertain jurisdiction in the matter. No error was committed in refusing to allow the amendment offered by the plaintiffs, and in sustaining the motion of the registrars. *Judgment affirmed.* *All the Justices concur.*