*Knight, Chastain & Gaskins,* for plaintiff.

---

## 4297. LUKE v. BATTS.

POTTLE, J. 1. Delivery is necessary to complete a sale of personal property. Hence, a contract by which one sells and another agrees to buy personal property therein described, to be delivered at a future date, is an executory contract.

2. "An executory agreement for the sale of goods to be delivered at a future day is valid, though at the time the seller has not the goods in his possession, has not contracted to purchase them, and has no expectation of acquiring them otherwise than by producing, manufacturing, or purchasing them at some time before the day of delivery." *Forsyth Mfg. Co.* v. *Castlen,* 112 Ga. 199 (37 S. E. 485, 81 Am. St. R. 28) ; *Luke* v. *Livingston,* 9 Ga. App. 116 (70 S. E. 596) ; *McNamara* v. *Georgia Cotton Co.,* 10 Ga. App. 669 (73 S. E. 1092).

3. The statutory grounds of the disqualification of a judicial officer, as contained in the Civil Code, § 4642, are exhaustive. *Elliott* v. *Hipp,* 134 Ga. 844 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423).

4. The fact that the presiding judge may have prepared, as an attorney at law, a form from which was drawn a contract, the validity of which was involved in a pending case, does not, under any of the provisions of the section of the code above referred to, render the judge disqualified to try such a case.

5. Under the rulings announced in the first and second headnotes, the court did not err in refusing to give the instructions requested, as set forth in grounds 6 and 7 of the amended motion for a new trial.

6. Where an executory contract is made for the delivery of personal property at a future date, failure to deliver on the date named is a breach of the contract, and no tender or offer of performance is necessary on the part of the purchaser as a condition precedent to the institution of a suit for the breach. *McNamara* v. *Georgia Cotton Co.,* supra.

7. The trial judge having fully and clearly instructed the jury that if

they believed the parties did not, at the time the contract sued on was executed, contemplate actual delivery of the cotton, but that the contract was a mere speculation on chances, it would be illegal and void, it was not error requiring the grant of a new trial to refuse the request set forth in ground 9 of the amended motion for new trial which simply elaborated this principle and was also subject to the objection that it was argumentative in its character.

8. The evidence authorized the verdict.                    *Judgment affirmed.*

DECIDED NOVEMBER 12, 1912.

Action on contract; from city court of Ocilla—Judge Oxford. May 14, 1912.

*Haygood & Cutts,* for plaintiff in error.
*H. J. Quincey, Elkins & Wall,* contra.