DUNCAN v. ATLANTIC COAST LINE R. CO.

(District Court, S. D. Georgia.  May 12, 1915.)

1. JUDGES ⬦═◠47—DISQUALIFICATION TO ACT—CONSTRUCTION OF STATUTE—
    "HAS BEEN OF COUNSEL."
        In Judicial Code (Act March 3, 1911, c. 231) § 20, 36 Stat. 1090 (Comp.
    St. 1913, § 987), which disqualifies a judge of a District Court to sit
    when he "is in any way concerned in interest in any suit pending therein
    or has been of counsel," the phrase "has been of counsel" has reference
    to the particular suit before the court.
        [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 222,
    223; Dec. Dig. ⬦═◠47.]

2. JUDGES ⬦═◠47—DISQUALIFICATION TO ACT—FEDERAL JUDGES.
        A federal judge, who was formerly local attorney for a railroad com-
    pany in a certain county, his employment being restricted to that county,
    and who was afterward appointed District Judge, is not disqualified on
    account of such previous employment from presiding at the trial of a
    case against his former client, which originated and was brought in
    another county, and with which he had no connection.
        [Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 214–219, 222, 223;
    Dec. Dig. ⬦═◠47.]

At Law.  Action by Thomas B. Duncan against the Atlantic Coast
Line Railroad Company.  On question of disqualification of judge.

H. Mercer Jordan and David S. Atkinson, both of Savannah, Ga.,
for plaintiff.

P. W. Meldrim and Shelby Myrick, both of Savannah, Ga., for
defendant.

LAMBDIN, District Judge.  The question here presented is wheth-
er the presiding judge is disqualified from hearing the above-stated
case on account of the fact that before his appointment as District
Judge the law firm of which he was then a member was local coun-
sel for defendant railroad company in Ware county, Ga.; the em-
ployment of said firm being restricted to the counties of Ware and
Charlton.  He had no connection with the case at bar, which was orig-
inally brought in the city court of Savannah and removed to this
court, and knew nothing of said case until he reached it on the docket.

[1] At common law there existed no ground for the disqualification
of a judge.  Blackstone in his Commentaries stated that the law of
England in his time was as follows:

"By the laws of England also, in the times of Bracton and Fleta, a judge
might be refused, but now the law is otherwise, and it is held that judges
and justices cannot be challenged.  For the law will not suppose a possibility
of bias or favor in a judge who is already sworn to administer impartial
justice and whose authority greatly depends upon that presumption and
idea." 3 Bl. Com. 361; Co. Litt. 294; 23 Cyc. 575.

It is by statute that a judge is declared to be disqualified in
particular instances, and, as a general rule, the statutory grounds of
disqualification are exclusive.  Elliott v. Hipp, 134 Ga. 844, 848, 68
S. E. 736, 137 Am. St. Rep. 272, 20 Ann. Cas. 423; Luke v. Batts, 11
Ga. App. 783 (3), 76 S. E. 165; 17 Am. & Eng. Enc. Law, pp. 738,

⬦═◠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

740.  In order to decide the question under consideration, it is therefore necessary to consider the statute of the United States governing such matters.  This is to be found in section 20 of the Judicial Code of the United States, which is as follows:

"Whenever it appears that the judge of any District Court is any way concerned in interest in any suit pending therein, or has been of counsel or is a material witness for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court; and also an order that an authenticated copy thereof shall be forthwith certified to the senior Circuit Judge for said circuit then present in the circuit, and thereupon such proceedings shall be had as are provided in section fourteen."

The presiding judge in this case is not "concerned in interest" in the pending suit, nor is he "a material witness" therein, nor is he "related to or connected with either party" at the present time, so as to render it improper for him to sit at the trial of the case.

But this section also prohibits a judge from presiding who "has been of counsel."  The question involved here, therefore, is whether the expression last quoted means that a judge is disqualified who "has been of counsel" at any time for a party to the cause, or whether he is disqualified only when he "has been of counsel" in the case to be tried. The use of the expression in question in connection with the context shows conclusively that the words "has been of counsel" are restricted to the suit under consideration.  The language of the section is that:

"Whenever it appears that the judge of any District Court is any way concerned in interest in any suit pending therein or has been of counsel, or is a material witness for either party," etc.

It is evident that the words "in any suit pending therein" are to be understood, at the end of the above excerpt from the section.  As stated by the District Judge in the case of The Richmond (C. C.) 9 Fed. 863:

"The decisions, so far as I have been able to find, are unanimous that 'of counsel' means 'of counsel for a party in that cause and in that controversy,' and if either the cause or controversy is not identical the disqualification does not exist."

In the absence of statute, judges are not disqualified, even by reason of having been counsel in a cause.  23 Cyc. 586; Lloyd v. Smith, T. U. P. Charlt. (Ga.) 143.

The Code of Georgia of 1910, § 4642, which covers substantially the same grounds of disqualification as the federal statute, clears up the question, by stating specifically that the judge must have been of counsel in the pending case to be disqualified; the language of the section being as follows:

"No judge or justice of any court * * * can sit in any cause or proceeding in which he is pecuniarily interested, or related to either party within the fourth degree of consanguinity or affinity, nor in which he has been of counsel, nor in which he has presided in any inferior judicature when his ruling or decision is the subject of review, without the consent of all the parties in interest: Provided, that in all cases in which the presiding judge of the superior court may have been employed as counsel before his appoint-

ment as judge, he shall preside in such cases if the opposite party or counsel agree in writing that he may preside, unless the judge declines so to do."

The Supreme Court of Georgia has decided the question here presented squarely in the following language:

"The fact that a judge of the superior court had formerly been a director of a railroad company, and was so at the time that an attorney rendered professional services to the company, did not disqualify him from presiding at the trial of a suit for such services, if at that time he had ceased to be a director, owned no stock, and was not otherwise interested. It is present, not past, interest which disqualifies a judge." Johnson, Executrix, v. Marietta & North Georgia Railroad, 70 Ga. 712 (1).

The Supreme Court of the United States in the case of Carr v. Fife, 156 U. S. 494, 15 Sup. Ct. 427, 39 L. Ed. 508, also held as follows:

"The fact that a Circuit Judge, prior to his appointment, had been counsel for one of the parties in matters not connected with the case on trial, does not disqualify him from trying the cause."

See, also, the case of Conyers v. Ford, Receiver, 111 Ga. 754, 36 S. E. 974; In re Nevitt, 117 Fed. 448, 451, 54 C. C. A. 622; 23 Cyc. 585; The Richmond (C. C.) 9 Fed. 863; and Ex parte N. K. Fairbank (D. C.) 194 Fed. 978, 987.

[2] The presiding judge in this case does not come within the letter or the spirit of the prohibition of the statute. He is not concerned in the pending litigation; he has no interest in it, and has never been connected with it in any way; he never was counsel in the case for either party, and is not related to or connected with either party; he has never heard of the case before, and knows nothing about the facts or issues involved; and he feels that his mind is absolutely impartial between the parties to the cause, and that it is therefore neither illegal nor improper for him to preside at the trial of the case. He holds, therefore, that he is not disqualified.