### 11138. WITHERS *v.* STATE OF GEORGIA.

STEPHENS, J. The superior courts of this State, having been established by the constitution, possess the power to define and punish contempts. Where, in the exercise of such power, an attachment is issued by a superior court, defining as a contempt the failure and refusal of a person to be and appear at court to prosecute a criminal case and testify as a witness therein, after he had originally instituted the prosecution by swearing out a warrant against the defendant in the criminal case, the attachment alleges a state of facts sufficient to constitute contempt within the power of the court to define; and where the person proceeded against is adjudged in contempt, such judgment will not be arrested upon the ground that the acts set out in the attachment are not sufficient to constitute a contempt. Nor will the final order adjudging the respondent in contempt be set aside as contrary to law, where the allegations in the attachment are supported by the evidence. *Bradley* v. *State,* 111 *Ga.* 168 (36 S. E. 630, 50 L. R. A. 691, 78 Am. St. Rep. 157) ; *In re Fite,* 11 *Ga App.* 665.

Judgment affirmed. *Jenkins, P. J., and Smith, J., concur.*
DECIDED JULY 19, 1920.

Rule for contempt; from Hall superior court—Judge J. B. Jones. November 6, 1919.

*W. V. Lance,* for plaintiff in error. *J. G. Collins,* contra.