## 12773.  HEWITT v. THE STATE.

1. Exceptions not specifically argued in the brief for the excepting party in this court will be treated as impliedly abandoned, and will not be considered where there is " no general insistence upon all the grounds of the motion."

2. " All applications for continuances are addressed to the sound legal discretion of the trial judge (Penal Code, § 992), and his decision thereon will not be reversed unless there has been a plain, palpable, and flagrant abuse of this discretion."

3. The fact that one has " contracted to guarantee the payment of the fee to be paid by the prosecutor to an attorney employed to aid the solicitor-general in the prosecution of defendant " does not make him a volunteer prosecutor.

4. The judge properly refused to provide a new panel of jurors from which to strike, or to declare a mistrial.

5. Before a special ground of the motion for a new trial will be considered it must be complete within itself and understandable without reference to other parts of the record.

6. There is some evidence to support the verdict.

                    DECIDED NOVEMBER 18, 1921.

Indictment for assault with intent to murder; from Pierce superior court — Judge Summerall.  July 23, 1921.

S. Thomas Memory, for plaintiff in error.

A. B. Spence, solicitor-general, contra.

BLOODWORTH, J.  1.  As the alleged errors of the court in rejecting certain affidavits in support of the 6th and 7th grounds of the motion for a new trial, and upon the rejection of which error is assigned in the bill of exceptions, are not referred to in the brief of counsel for plaintiff in error, they will be treated as impliedly abandoned, and will not be considered by this court where there is no " general insistence upon all the grounds of the motion " (Ga. L. 1921, p. 232).

2.  Where a motion was made to continue a case on account of the absence of a witness, and it was made to appear that there were present several other witnesses who would testify to the same facts, we cannot say, as a matter of law, that there was a " plain, palpable, and flagrant abuse " of the discretion of the trial judge when he refused to continue the case.  Especially should a new trial not be granted in this case on account of the refusal of the judge to grant a continuance, as among the witnesses sworn there were three who testified to the same material fact to which it was alleged the absent witness would swear. " It is not cause for reversing the denial of a continuance that

the movant made a legal showing as to the absence of one witness, it appearing by the same showing, on cross-examination, that another witness was present by whom he could prove the facts to which the absent witness was expected to testify, and it not appearing that the discretion of the court was abused." *Huffman* v. *State*, 95 *Ga.* 469 (20 S. E, 216). In *Curry* v. *State*, 17 *Ga. App.* 377 (87 S. E. 685), this court held that "All applications for continuances are addressed to the sound legal discretion of the trial judge (Penal Code, § 992), and his decision thereon will not be reversed unless there has been a plain, palpable, and flagrant abuse of this discretion." Citing *Sealey* v. *State*, 1 *Ga.* 213 (44 Am. D. 641); *Howell* v. *State*, 5 *Ga.* 48; *Roberts* v. *State*, 14 *Ga.* 6; *Revel* v. *State*, 26 *Ga.* 275; *Long* v. *State*, 38 *Ga.* 491; *Oglesby* v. *State*, 121 *Ga.* 602 (49 S. E. 706); *Rawlins* v. *State*, 124 *Ga.* 31 (52 S. E. 1); *Lyles* v. *State*, 130 *Ga.* 294 (60 S. E. 578); *Parker* v. *State*, 3 *Ga. App.* 336 (59 S. E. 823). See also *Blount* v. *State*, 18 *Ga. App.* 204 (89 S. E. 78).

3. The 5th ground of the motion for a new trial alleges error "because the court erred in overruling the motion made by defendant to disqualify his honor J. I. Summerall, presiding in said case," the alleged reason for his disqualification being that "one T. L. Tuten was a volunteer prosecutor and an illegitimate son of John Aspinwall, and that the said T. L. Tuten was related to his honor J. I. Summerall within the degree prohibited by the statute; that the said T. L. Tuten had contracted and guaranteed the payment of the fee to be paid by the prosecutor to an attorney, R. G. Mitchell Jr., employed to aid the solicitor-general in the prosecution of the defendant Will Hewitt in said case, and that the said attorney was actually rendering such aid on the trial of the case at the time of said motion." Section 4642 of the Civil Code of 1910 provides in part that no judge "can sit in any cause or proceeding in which he is pecuniarily interested or related to either party within the fourth degree of consanguinity or affinity." In *Luke* v. *Batts*, 11 *Ga. App.* 783 (3) (76 S. E. 165), it was held that "The statutory grounds of the disqualification of a judicial officer, as contained in the Civil Code, § 4642, are exhaustive. *Elliott* v. *Hipp*, 134 *Ga.* 844 (68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423)." While in

*Lyens* v. *State,* 133 *Ga.* 587 (4) (66 S. E. 792), it was held that " Where one contributes to a fund to be used in employing an attorney to aid the solicitor-general in the prosecution of a particular person for an alleged offense with which he is charged, and the attorney does render such aid upon the trial of the case, the person so contributing is to be considered as a volunteer prosecutor, and one who is related within the fourth degree to such volunteer prosecutor is not competent to sit as a juror on such trial, " this rule will not be extended to one who has only " contracted to guarantee the payment of the fee to be paid by the prosecutor to the attorney employed to aid the solicitor-general in the prosecution of the defendant."

4.  The 6th ground of the motion for a new trial is based upon an alleged error in the refusal of the court to allow to the defendant " a new panel of jurors from which to strike, on the ground that such evidence and statements were prejudicial to the rights of defendant, and were very damaging to him, denying him the right to a fair and impartial trial." Ground 7 alleges that the court erred in overruling a motion to declare a mistrial, for the same reason alleged in ground 6. The " evidence and statements " referred to were a conversation between the sheriff and counsel employed to assist the State. The sheriff testified that he approached the said counsel and asked him if he had any objection to the jury going to the speaking that night (a speech at the court house by Mr. Bryan), and he said that " he did not, and didn't suppose you [counsel for the defendant] had any." The sheriff then said: " Well, Judge Summerall told me that Mr. Memory [counsel for the defendant] objected to it." Even if the error alleged in either of these grounds would be sufficient to require the grant of a new trial in the event the conversation was heard by the jury, before it could avail the movant it must affirmatively appear with reasonable certainty that the conversation was loud enough to be heard by members of the jury; and in this case it does not so appear from any legal evidence adduced. On the contrary, the sheriff testified: " I was not talking nothing like loud enough for them to hear it. I do not think they heard it. The whole court was in an uproar. Mr. Mitchell was talking in a low tone like I was. I went and leant over there and asked him about it. . . I just thought

I would speak to him just between me and him, and I don't think the jury heard it. They were making a big racket around here. They were in the box at the time." He further testified that some of the jurors were twelve or fifteen feet from him, and others possibly twenty feet away. The above ruling was correct, even though upon the hearing of the motion for a new trial on the following morning one of the attorneys for plaintiff in error swore: "I am associated in the representation of this defendant. I heard the sheriff's statement just now, that he was speaking in the same tone that he was using when he was talking to Judge Mitchell last night about this entertainment, and I could understand what he said." The attention of this witness was, by the very circumstances themselves, directed to what the sheriff was then saying; and this witness further testified that he did not know "what the jury was doing," or "how much racket was in the court-house" the night before when the sheriff was talking to counsel who was assisting the solicitor-general.

5. The 8th ground of the motion for a new trial will not be considered by this court, because it is not complete within itself and not understandable without reference to other parts of the record.

6. Under a charge to which no exceptions were taken, and which will be presumed to be full and correct, the jury passed upon the contested questions of fact; their finding was approved by the presiding judge, there was evidence which positively identified the accused as the assailant of the prosecutor, and this court cannot say that there is no evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*