Indictment for drunkenness on highway; from Wilkes superior court—Judge Shurley.  November 29, 1924.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

---

### 16206.  HENNON *v.* THE STATE.

1. "Bias or prejudice on the part of the judge does not disqualify him, in the absence of a statutory provision on the subject."
2. In view of the entire charge of the court, a new trial is not required because of failure to give the instructions requested, or because of those parts of the charge to which exception was taken.
3. There is some evidence to support the finding of the jury.

        DECIDED MARCH 27, 1925.

Accusation of possession and sale of liquor; from city court of Floyd county—Judge Bale.  December 30, 1924.

Application for certiorari was made to the Supreme Court.

The defendant was charged with having in his possession and with selling intoxicating liquor.  He filed the following special plea: "And now comes the defendant in the above-stated·case, and before pleading to the merits thereof, and filed this his special plea, and for grounds thereof says, that his Honorable Judge John W. Bale, judge of the city court of Floyd county, Georgia, is disqualified, and from acting as judge in the trial of said case, in that his honor, the said John W. Bale, was instrumental in bringing about the prosecution of defendant in said case, and did instigate, bring about, assist and procuring, and did help procure the services of

one Charlie Deck, for the purpose of securing evidence against parties engaged in the possessing and selling of intoxicating liquors; that upon the services of said Charlie Deck being finally so secured, that the said Charlie Deck contends that he did come to Rome, and, acting as a decoy and a detective, did persuade, deceive, and fraudulently induce said defendant to furnish and sell him, the said Charlie Deck, intoxicating liquors; that the State of Georgia, upon such testimony and contentions of the said Charlie Deck, alleges and contends that the defendant is guilty of the offense charged; that the defendant joins issue with the State on said charge, and says that each and every allegation as to defendant being guilty of either selling or possessing liquor is false, and not the truth; that said issue is to be tried and decided by the court and jury; that the liberty and rights of defendant as a citizen of Georgia is at issue, and the final outcome of the issue and the judgment to be pronounced in said case is of vital interest to defendant. Defendant says that because of the assistance to the State of Georgia, in the securing and procuring of said detective, and because of the interest that his honor has manifested in securing said detective to come to Rome and secure evidence against persons alleged to be engaged in the business of selling and possessing liquor, and the securing of said alleged evidence by said detective renders his honor, John W. Bale, disqualified to try defendant for said alleged offense, because said acts of said judge in fact amounts to the rendering of said judge a prosecutor in said case." This plea was dismissed on oral demurrer. To this ruling exceptions pendente lite were filed. The case then proceeded to trial; the jury returned a verdict of guilty; the defendant filed a motion for a new trial, which was overruled, and he excepted.

*Porter & Mebane,* for plaintiff in error.

*Alec Harris, solicitor,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) Only the first headnote will be discussed. Did the court err in striking the special plea? In *Long* v. *State,* 25 *Ga. App.* 22 (1) (102 S. E. 359), this court (citing 17 Am. & Eng. Enc. of Law, 738; 23 Cyc. 582; *Elliott* v. *Hipp,* 134 *Ga.* 848, 68 S. E. 736, 137 Am. St. R. 272, 20 Ann. Cas. 423) held: "Bias or prejudice on the part of a judge does not disqualify him, in the absence of a statutory provision on the subject." In *Luke* v. *Batts,* 11 *Ga. App.* 783 (3)

(76 S. E. 165), this court held that "the statutory grounds of the disqualification of a judicial officer, as contained in the Civil Code, § 4642, are exhaustive." There is nothing in the special plea which shows that Judge Bale came within any of these statutory provisions relating to disqualification. Therefore the court did not err in striking the special plea.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*