### 16669. HENDRICKS *et al. v.* THE STATE.

BROYLES, C. J. 1. This was a proceeding for a contempt of court, and the trial judge did not err in overruling the demurrer to the information. The superior courts of this State, under the constitution, have the power to define and punish contempts, and the facts set forth in the information were sufficient to constitute a contempt within the power of the court to define and punish. Under the facts of the case as set forth in the information, the information was not demurrable because it failed to state that the witnesses (alleged to have been spirited away from the jurisdiction of the court by the defendants) had been subpoenaed to appear before the trial court. It appeared that they had been subpoenaed before the grand jury in a rape case and had testified before that body, and had been instructed orally by the sheriff to appear the next day at the trial court, and that among these witnesses were the alleged victim in the rape case and her father. See *Withers* v. *State*, 25 *Ga. App.* 521 (103 S. E. 736), and citations.

2. It does not appear that the alleged activity of the trial judge in assisting the sheriff to locate the missing witnesses, and his other conduct as detailed in the record, legally disqualified him from presiding in the contempt case. The statutory grounds of the disqualification of a judge are set forth in section 4642 of the Civil Code of 1910, and are exhaustive of the subject. It follows that bias or prejudice on the part of a judge is no ground for his disqualification. *Luke* v. *Batts*, 11 *Ga. App.* 783 (3) (76 S. E. 165), and citation; *Long* v. *State*, 25 *Ga. App.* 22 (1) (102

S. E. 359), and citations; *Hennon* v. *State*, 33 *Ga. App.* 600 (1) (127 S. E. 473).

3. The evidence amply authorized the defendants' conviction.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

DECIDED NOVEMBER 10, 1925.

Contempt; from Berrien superior court—Judge Knight. April 16, 1925.

*T. G. Connell, J. H. Hull, R. A. Hendricks, E. K. Wilcox,* for plaintiffs in error.

*H. C. Morgan, solicitor-general,* contra.

LUKE, J. I do not agree that the evidence authorized the conviction of the defendants.