DECIDED MAY 13, 1933.

*J. C. Newsom, A. R. Wright,* for plaintiffs in error.
*E. W. Jordan,* contra.

22868. MACON SHOE COMPANY *v.* EQUITABLE LOAN COMPANY.

SUTTON, J. 1. The notice to produce in this case called for the production of "all applications for loans, mortgages, notes, cards, or records showing the original loan made to either Mr. or Mrs. S. E. McKenna on which the name of Mrs. S. E. McKenna was signed and showing renewals thereof, and all papers signed securing said loans either as originally made or as renewed subsequently." Where such a general notice to produce all the papers connected with a transaction was served on the claimant, and on the trial of the claim case the claimant introduced in evidence a bill of sale to it to certain personalty from the persons named in the notice to produce, who were the defendants in fi. fa., and a bond to reconvey the same to these parties upon payment of a loan, to secure which the bill of sale was executed by the defendants in fi. fa., and where counsel for the claimant stated that he did not know of the claimant having any other papers answering the description of the papers called for in the notice to produce, the trial judge did not abuse his discretion in refusing to order the production of the instruments mentioned

in such general notice to produce and in holding that the claimant had sufficiently complied therewith. *Hamby Mountain Gold Mines* v. *Findley*, 85 *Ga.* 431 (11 S. E. 775); *Carter* v. *Southern Ry. Co.*, 3 *Ga. App.* 34, 38 (59 S. E. 209).

2. Where an execution issued on a judgment based on a suit on account was levied on certain personal property and a claim was filed thereto, and where on the trial of the claim the claimant introduced in support of its claim a bill of sale to the personalty levied on, which was given by the defendants in fi. fa. to secure a loan obtained from the claimant, the date and the record of the bill of sale antedating the date of the common-law execution, and the bill of sale being properly executed and valid, a verdict directed in favor of the claimant was proper.

3. It was not error to admit in evidence the bill of sale on the ground that the claimant did not prove that the loan, to secure which the bill of sale was given, had not been paid by the defendants in fi. fa.

4. Applying these rulings, the court did not err in overruling and dismissing the petition for certiorari, which complained of the refusal of the trial judge to grant an oral motion for new trial, made by the plaintiff in fi. fa. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 13, 1933.

*D. Lee Churchwell*, for plaintiff. *Gilmore & Cork*, for defendant.