30922. LYNCH v. ETHERIDGE.

Decided July 16, 1945.

E. L. Reagan, for plaintiff.

Roy S. Drennan, for defendant.

Parker, J. W. C. Lynch brought a bail-trover action against S. L. Etheridge for the recovery of 365 chickens, described as laying hens worth $500, with hire or use value of $405. The defendant answered denying the petition and setting up in a cross-action a claim for damages against the plaintiff. The court sustained a demurrer filed by the plaintiff to the defendant's counterclaim, and it was stricken. There is no exception to that ruling. The jury found for the defendant. The plaintiff moved for a new trial on the usual general grounds, and amended by setting up four special grounds, the first three objecting to certain excerpts from the charge, and the last to an omission in the charge alleged to be error. The motion was overruled and the plaintiff excepted.

The whole question before this court seems to be whether or not under the evidence the verdict for the defendant was demanded as a matter of law. If the verdict was demanded, the alleged errors in the charge are immaterial and a new trial was properly denied. The plaintiff's action was based upon a claim of title to and ownership of the chickens, and he proved the execution of a bill of sale made to him by William J. Reid for certain personal property, including "three hundred fifty (350) White Leghorn and New Hampshire Red chickens." The property sued for was described as "155 New Hampshire Red hen chickens, one year old; also 210 White Leghorn hen chickens, one year old; said New Hampshire Red hens and said White Leghorn hens being the same hens raised by W. J. Reid on the place known as the 'White' place near Ellenwood, Ga., Henry County, in an old ginhouse converted into a chicken house, . . within the curtilage of the residence of the said S. L. Etheridge, and which hens were . . at the residence of the said S. L. Etheridge, the same hens being the property of said plaintiff . . and that said plaintiff claims title thereto."

The plaintiff did not show that the chickens included in the bill of sale were the chickens described in his suit. Neither title to the chickens sued for, nor possession of them under a claim of title, was shown by the evidence to have been in Reid alone at the time he executed the bill of sale to the plaintiff. Although Reid was sworn as a witness by the plaintiff to prove his execution of the bill of sale, he did not testify that he ever owned or had possession of any chickens, either as referred to in the contract of sale or described in the suit. The evidence did show that the defendant admitted selling the chickens described in the suit more than two months after the bill of sale was made, that he sold them at night, and that he made contradictory statements to the attorney for the plaintiff respecting the sale and the price he obtained for the chickens. The evidence also showed that the witness Reid, who made the bill of sale to the plaintiff, lived on the farm of the defendant Etheridge in 1942, and that they lived together in the same house, and that they together brought the chickens to the farm to be raised, and that they together had charge of the chickens up until the day before they were sold by the defendant to a poultry company in Atlanta. These facts appear from testimony of witnesses for the plaintiff. The defendant offered no evidence.

The order of the trial judge overruling the motion for new trial recites in part that: "The jury in finding a verdict for the defendant found that the plaintiff had not successfully carried the burden of proof, by proving the title and right of possession of any property described in the petition, or the conversion thereof which is necessary for a recovery in an action in trover." After a careful consideration of the evidence we have concluded that the verdict for the defendant was demanded because of the failure of the plaintiff to prove title or right of possession to the property involved, as stated by the trial judge in his order denying a new trial. Since the evidence required the verdict found by the jury, alleged errors in the charge become immaterial, and it is not necessary or proper that we consider the special grounds of the motion. See *Cason v. State,* 16 *Ga. App.* 820 (4) (86 S. E. 644), *Nissenbaum v. State,* 38 *Ga. App.* 253 (3) (143 S. E. 776), and *Hagar v. State,* 71 *Ga.* 164.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*