## 50911. MATHEWS v. MATHEWS.

MARSHALL, Judge.

This case was referred to this court by the Supreme Court as a case sounding in law rather than equity or property. The original petition sought forced accounting by an executrix (appellee herein) on behalf of the other heirs of the estate involved seeking to determine the amount and existence of assets received and expended by the executrix in the management of a part of the estate. The testatrix involved in this case died in 1955, leaving among other assets, a duplex residential building. Half of this duplex was left in a life estate to the executrix (appellee) and the other half to other heirs. Originally, the executrix and her brother (appellant herein) were named co-executors of the will and the brother (appellant) assumed the principal management functions. Apparently due to lax management, by court order, appellant was removed as co-executor with appellee and appellee was named sole executrix. Thereafter, appellee collected rent, paid taxes, caused repairs to be made to the duplex, and otherwise performed duties as executrix. After the executrix had managed the estate for several years, appellant made demand on appellee in 1969 for an accounting in his own behalf as an heir and on behalf of his children for whom appellant was acting as guardian. The general complaint was that none of the heirs had received "even the first cent" from the income derived from the duplex. In the original hearing in 1969 demand was made for all records pertaining to the management of the estate and voluminous interrogatories were filed by appellant for answer by appellee. After considerable pre-trial litigation, the filing of several series of interrogatories and answers thereto, and the surrender of "all" records in the possession of appellee pertaining to the management of the duplex, the Ordinary of Clayton County found as fact and entered an order, dated June 14, 1969, that all records available to appellee herein had been produced as required by court order, that the executrix (appellee) had made a full and proper accounting, was eligible to continue as executrix and would continue to make annual returns.

Appellant brought an appeal in the Superior Court of Clayton County. At the time of the hearing, on January 27, 1975, the minor heirs, children of appellant, had all become of age. Therefore, each child was made a party plaintiff as being indispensable to a complete adjudication of the case. On the hearing, though they had filed an answer, none of the children made appearances. The attorney for appellant moved for a continuance because two of the parties plaintiff apparently had not been served with necessary notice. The attorney for appellant, however, acknowledged that he did not represent any party except the appellant herein.

Because of the recusals of all judges of the Superior Court of Clayton County, this appeal was heard by Judge Whalen of the Superior Court of the Griffin Circuit sitting in Clayton County. Judge Whalen, in an extensive and elaborate pre-trial order, determined that the only issue before the court on the appeal from the ordinary was whether the executrix (appellee) had complied with the order of the Court of Ordinary of Clayton County, dated April 30, 1969, by filing annual accountings for the entire period that she had been serving as executrix including the filing of a bond with good security. Judge Whalen's order expressly excluded the questions of misappropriation of funds of the estate, of misconduct by the executrix, and of an accounting subsequent to 1969, together with a settlement of the estate.

Following trial before a jury on the limited issues set forth above, the trial court found a failure by the plaintiff (appellant) to carry his burden in showing that the returns filed by the executrix for the years up through 1969 were not proper. The plaintiff did not offer or attempt to offer the returns in evidence. Since there was nothing to impeach the returns found by the court of ordinary in 1969 to be proper, the 1969 order stood undisputed and the jury was directed to return a verdict for the defendant executrix (appellee). Throughout the trial, the plaintiff (appellant) unsuccessfully sought to show mismanagement, a wilful failure to answer interrogatories, a failure to produce all records and misappropriation of funds by the executrix, contending that an appeal from the court of ordinary to the superior

court authorizes a trial de novo and it was proper to inquire into all these areas. Appellant brings this appeal enumerating as error: (1) and (2) the direction of the verdict on behalf of the executrix and entry of judgment thereon; (3) the limitation of the trial de novo to the single issue of the returns filed by the executrix through 1969; (4) overruling appellant's motion to produce all records pertaining to the estate; (5) the denial of appellant's challenge to the court; and (6) the denial of appellant's motion for continuance. *Held:*

1. In accordance with the sole issue being litigated at the trial de novo before the superior court, appellant had the burden of establishing that the order of the court of ordinary of 1969 was erroneous in its conclusion that appellee had filed complete and accurate annual returns on the administration of the estate during the time she was the sole executrix up to the year 1969. The trial court stated that best evidence of the regularity of those returns was the documents themselves. Appellant demonstrated through the testimony of the appellee that she had produced all records available to her, that she had accounted for all assets received and disbursed and that she had made a full accounting of the estate. However, at no time did appellant offer credible or admissible evidence to refute the testimony of the executrix (appellee) or otherwise to show that the annual returns filed in accordance with the order of the court of ordinary were incorrect or incomplete. In fact, appellant did not introduce the returns themselves into evidence. There being absolutely no evidence to indicate the absence of proper annual accountings or that appellee had not filed a bond with good security, we cannot hold that the court erred in directing a verdict for the defendant (appellee) on the single issue that appellee had not obeyed the ordinary's order of June 10, 1969, or that the ordinary's order was not founded in fact or law. Further, there was no evidence, other than innuendo suggested by appellant and his counsel, that the information supporting the annual returns (which were in the record transmitted from the court of ordinary, but not introduced as evidence before the superior court) or the annual returns were incomplete or inaccurate. In this case, the evidence (or

lack thereof) demanded the verdict. *Lynch v. Etheridge,* 72 Ga. App. 712, 713 (34 SE2d 670); *Cason v. State,* 16 Ga. App. 820, 825 (4) (86 SE 644). There is no merit in Enumerations 1 and 2.

2. In the third enumeration of error, appellant complains he was not given a trial de novo on his appeal to the superior court. The factual reference for this enumeration indicates that on April 30, 1969, the Ordinary of Clayton County ordered the executrix (appellee herein) "to prepare and bring before this court on the first Monday in June, the same being June the 2nd, 1969, at 10:00 a.m., an accounting of all funds received and distributed. Said disbursements to be supported by vouchers and receipts of which the minor children, Lillian Mathews and Gerald Mathews, are entitled. It is further ordered that the Defendant acquire the necessary bond as by law required of an administrator, the same being a bond of good surety."

Following that order, the ordinary, on June 10, 1969, made the second and following order: "It further appearing to this court that the said Ruby Leontine Mathews has brought and filed in this court an annual accounting and surety bond as ordered by this court on April the 30th, 1969, it is therefore ordered, (1) Ruby Leontine Mathews has complied with the order of this court dated April 30th, 1969, (2) that the said Ruby Leontine Mathews having complied with said order of April 30th, 1969, is to remain the executrix of the estate of Bertha L. Ward, deceased, and that she, Ruby Leontine Mathews, will continue to account to this court every year that she remains the legally appointed executrix of said estate showing all receipts and disbursements of the estate supported by the cancelled vouchers or paid receipts showing the correctness of each item listed on the annual accounting. Further, that the said Ruby Leontine Mathews will maintain and continue to pay the necessary surety bond premium for the entire period that she remains appointed executrix of the said deceased's estate."

The Superior Court of Clayton County by pre-trial order limited the issue on appeal to those matters set forth above, inasmuch as appellant stated in his appeal that his

dissatisfaction extended only to the order of the court of ordinary entered on June 10, 1969.

The issue presented by this enumeration is whether "a trial de novo" contemplates a new trial without limitation or a new trial in which only the matter presented to the court below can be relitigated. Appellant contends for the former interpretation while, by his ruling, the trial judge concluded the latter was applicable.

The trial court was correct in its assessment of the law. The effect of an appeal from a court of ordinary to the superior court as permitted under Code § 6-201 places the matter in the superior court for a "de novo" investigation. It brings up the *whole record* from the court below, and all competent evidence *material and relevant to the issues below* are admissible on the trial in the superior court, whether adduced at the former trial or not. Thus, either party is entitled to be heard on the whole merits of the case. The preceding is the distilled interpretation of Code § 6-501 as made in *Knowles v. Knowles,* 125 Ga. App. 642, 645 (1) (188 SE2d 800) where in pertinent part it was said, " 'the case on appeal from the court of ordinary brings the whole case up for a new hearing' but with the same jurisdiction as was possessed by the court of ordinary." (See also: *Maloy v. Maloy,* 134 Ga. 432 (2) (68 SE 80)). "Such a case must be tried anew as if no trial had been had. [Cits.] It is not the province of the superior court on such an appeal to review and affirm or reverse the rulings of the ordinary, but to try the issues anew and pass original judgments on the questions involved as if there had been no previous trial." *Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (69 SE2d 679).

In the court of ordinary, appellant did not raise a question of misappropriation; he did not request settlement. His only request was for a full accounting. The court of ordinary ordered a full accounting and following a hearing on that issue with production of all records available to the executrix, found and declared by court order that the accounting was full, accurate and complete. The issue as appealed and litigated in the superior court extended to the whole of, but only to, that order. Appellant was informed by Judge Whalen in open court that

appellant could "put in evidence anything that you've got to show that the order entered by the ordinary was entered erroneously." Appellant still has available to him the court of ordinary to request settlement. Code Ann. § 113-2201 (Ga. L. 1972, pp. 455, 456). Appellant has received that to which he was entitled, his day in court on his appeal to the order of the Court of Ordinary of Clayton County dated June 10, 1969.

3. The fourth enumeration alleges the court erred in overruling appellant's notice to produce. At the trial in the superior court, appellant complained that the executrix had not produced all records of income and disbursement. Before a jury was struck, appellee (executrix) produced *all* records she had pertaining to the management of the duplex. Appellant was not satisfied and demanded additional information. The trial judge, being satisfied that *all* records had been produced, logically ruled that the court could not order the production of records that did not exist, or, if originally in existence, were no longer in existence. There was no error in that ruling. *Macon Shoe Co. v. Equitable Loan Co.,* 46 Ga. App. 841 (1) (169 SE 377); *Carter & Co. v. Southern R. Co.,* 3 Ga. App. 34 (1) (59 SE 209).

4. Appellant alleges in his fifth enumeration of error that the court erred in refusing to disqualify itself. This motion received its birth in appellant's unsuccessful attempt to convince the trial judge that the trial de novo before the superior court extended to all issues involved in the case including mismanagement and settlement rather than a trial de novo only of the issue presented to the court of ordinary. This lack of success motivated appellant to complain the trial court was biased and therefore subject to challenge for cause. There was no showing on adequate proof that the trial judge was biased in his ruling. Accordingly, the denial of the motion to disqualify was correct and resulted in no error. *Georgia Power Co. v. Watts,* 56 Ga. App. 322, 324 (192 SE 493); *York v. State,* 42 Ga. App. 453, 466 (35) (156 SE 733); *Hendricks v. State,* 34 Ga. App. 508 (2) (130 SE 539); *Hennon v. State,* 33 Ga. App. 600 (1) (127 SE 473).

5. In his final enumeration, appellant asserts it was error to deny a motion for continuance because parties

plaintiff to the trial, who were not represented by appellant's attorney, apparently had not been served with proper notice and therefore were not present. The trial court ruled that appellant's attorney had no standing to move to protect the interest of parties to the suit whom he did not represent. That ruling was within the discretion of the court and eminently correct. *Snell v. Snell,* 165 Ga. 724, 726, 727 (142 SE 96); *Lumpkin v. Calloway,* 101 Ga. 226 (3) (28 SE 622); *Burns v. Beck,* 83 Ga. 471 (3) (10 SE 121).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 15, 1975 — DECIDED NOVEMBER 10, 1975 —
REHEARING DENIED DECEMBER 3, 1975 — ▮▮▮▮▮▮▮▮

*Oze R. Horton,* for appellant.