## HANYE *v.* THE STATE.

*Simmons, C. J.*—1. This court will not reverse a judgment denying a new trial in a criminal case because the trial judge overruled a motion to postpone the trial, it appearing from his certificate that the reason given for the application to postpone was that the leading counsel for the accused, "from having traveled, was feeling too tired to go on with the case, and unwell"; and it also thus appearing that the "counsel was apparently well, and went on with the trial without . . inconvenience," and that the trial had twice before been postponed at the instance of the accused.  Nor, in such case, will a new trial be granted by this court because the judge below refused to suspend the trial on the ground that leading counsel for the accused was fatigued, the judge certifying to facts showing that the accused was in no way injured by having the trial proceed.

2. It appearing upon a trial for murder that the accused used to

the deceased opprobrious and insulting language tending to cause a breach of the peace, that the latter remonstrated, that the accused, after preparing for use a deadly weapon, deliberately repeated the offensive language, which the deceased then resented by a blow not disproportioned to the insult given, and that the accused thereupon attacked the deceased with the deadly weapon, using it in a manner likely to produce death, it is not, under such circumstances, cause for a new trial that the court charged, in effect, that the legal presumption of malice arising from such a use of such a weapon would not be removed because of the blow lawfully given in return for the original provocation by words.

3. The court having given in charge the sections of the code relating to voluntary manslaughter, and having instructed the jury as to the form of their verdict in case they should convict of that offense, this, in the absence of a request for more specific and detailed instructions upon this branch of the law, was a sufficient compliance with any duty which may have devolved upon the court to charge upon the subject.

4. The character of a deceased person for violence can offer no justification or mitigation to one who slays him, when it appears that the homicide was committed under circumstances showing that the deceased had given the slayer no provocation, and that the latter could not even have believed that he was in any danger at the hands of the deceased.

5. Taking it all together, there was no error in the charge as to the law of reasonable doubt; there was nothing in this case to invoke a charge upon the subject of involuntary manslaughter; no error was committed in refusing to charge as requested, nor in the charges or omissions to charge, complained of; and the evidence fully warranted the verdict.    *Judgment affirmed.*

June 18, 1896. By two Justices.

Indictment for murder.  Before Judge Candler.  Fulton superior court.  March term, 1896.

*Austin & Park* and *W. R. Hammond,* for plaintiff in error.  *J. M. Terrell, attorney-general,* and *C. D. Hill, solicitor-general,* contra.