## PATTERSON v. THE STATE.

1. The remarks of counsel for the State were not of such a character as to require the granting of a mistrial or a rebuke from the judge.
2. In the absence of a written request it is not error requiring a reversal for the judge to fail to instruct the jury upon the law of confessions.
3. When in a criminal case there is evidence introduced in behalf of the accused which raises an issue as to the mental capacity of the accused to commit the crime, it is not erroneous for the judge to instruct the jury as to the law applicable to such an issue; and if the defense apparently set up by the evidence is not relied on, the attention of the judge must be called to this fact.
4. The evidence amply warranted the verdict, and there was no error requiring the granting of a new trial.

Argued November 20,—Decided December 21, 1905.

Indictment for murder. Before Judge Freeman. Heard superior court. June 19, 1905.

The evidence disclosed that on the day of the killing the accused quarreled with Stewart, the deceased, and that subsequently Mac Patterson, father of the accused, gave him a pistol and directed him to kill Stewart. Immediately afterwards the accused walked across the court-house yard to within ten steps of Stewart, threw a brickbat at him, then shot him, and, after Stewart had fallen to the ground, shot him again. Either of the wounds was such as would have resulted in death. The defense set up was, that the accused acted under duress, that he stood in fear of his father, that his father had threatened to kill him if he did not kill Stewart, and that he was acting under this fear when he shot Stewart. There

was testimony of several witnesses who heard Mac Patterson instruct the accused to kill Stewart, but no evidence that these instructions were accompanied by threats against the accused. There was evidence to the effect that the accused was subject to epileptic fits, but no evidence that he had such fits for some years before the date of the killing; and there was much evidence from acquaintances that the accused had never betrayed any symptoms of mental weakness. The jury found a verdict of guilty, without a recommendation of life imprisonment. A motion for a new trial was overruled, and the accused excepted.

*S. Holderness, D. B. Whitaker,* and *W. U. Mooty,* for plaintiff in error. *John C. Hart, attorney-general, J. R. Terrell, solicitor-general, W. H. Daniel,* and *W. C. Wright,* contra.

COBB, P. J. Error was assigned upon the failure of the court to declare a mistrial, because the solicitor-general in his argument used the following language: "The blood of this dead man calls upon you to punish this man and protect his family and relatives; and unless you have the manhood to write it in your verdict, you should be exiled from the good county of Heard." We do not think this language called for a mistrial, or a rebuke from the judge. It introduced no fact, but was merely a forcible and possibly an extravagant method adopted by counsel of impressing upon the jury the enormity of the offense and the solemnity of their duty in relation thereto. In the case of *Taylor* v. *State,* 121 *Ga.* 354, Mr. Justice Evans said: "It is quite natural, and by no means unusual, for an advocate, in discussing the facts of a case before a jury, to indulge to some extent in imagery and illustration. Sometimes a simile may be inapt, or the metaphor mixed, or the expression may be hyperbolical. What the law forbids is the introduction into a case, by way of argument, of facts not in the record and calculated to prejudice the accused. The language of the solicitor was somewhat extravagant; but figurative speech has always been regarded as a legitimate weapon in forensic warfare, if there be evidence before the jury on which it may be founded." We desire to emphasize what is said in the foregoing quotation. Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies.

2. Complaint is made of the failure of the court to charge upon the law governing confessions, the State having brought out, on cross-examination, evidence from one Loftin that the accused had told him that he had killed Stewart because the latter owed him four dollars. There was no request of the court to charge the law relating to confessions; and in the absence of such a request the failure to so charge is not error. *Walker* v. *State,* 118 *Ga.* 34; *Malone* v. *State,* 77 *Ga.* 768 (5) ; *Sellers* v. *State,* 99 *Ga.* 212.

3. Complaint is made that the court charged the jury on the law of insanity as a defense, when, it is alleged, such was not the defense relied on by the accused, but duress, and a charge on insanity tended to confuse the minds of the jury and becloud the real issue they were called upon to determine. The testimony of the mother of the accused tended to establish the mental imbecility of her son. The court properly looked to the evidence to determine what subjects of law should be given in charge to the jury, and the evidence justified the charge upon the law of insanity. It is now claimed that the defense of insanity was not relied on; but the judge in a note to the motion for new trial states that if this defense was not relied on, his attention was not called to that fact.

4. The accused sought to introduce the testimony of Mrs. Patterson, to the effect that on the night of the killing Mac Patterson told her that Burrell Patterson had killed Stewart at his, Mac Patterson's, direction, and that he, Mac Patterson, had forced Burrell to commit the murder by threatening his life. This evidence was offered to support the accused's statement that he acted under duress. It would have tended to prove the fact that Mac Patterson had threatened Burrell Patterson's life if he would not kill Stewart. But it was only hearsay, and was properly excluded as evidence to establish the fact stated; and as Mac Patterson was a witness for the accused, it was not admissible for the purpose of impeachment.

Complaint is made that the court failed to charge fully the law of duress, and did not set out the accused's theory of defense to the jury. The court charged the jury on the law of duress, and this charge correctly sets forth the law upon that subject. It is not obligatory upon the court to give in detail the theory of the defense relied on by the accused, in the absence of an appropriate and timely written request. The exceptions to the charge on duress

were without merit. The verdict is amply supported by the evidence, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*