## JONES *v*. THE STATE.

GILBERT, J. 1. Error is assigned on the following charge to the jury: "But, says the law, if the deceased, the man killed, committed an assault upon his person, or an attempt to commit a serious personal injury upon him, or some other circumstance equivalent to an assault or an attempt to commit a serious personal injury on him, and by reason of such assault the defendant's anger was suddenly aroused — that violent impulse of passion which the law presumes to be irresistible, and, smarting under that passion provoked by some act I have just defined upon the part of the deceased, he took the life of the deceased, he would be guilty of voluntary manslaughter, unless the jury trying the case (and you are the judges of that) should believe that there had been sufficient time, that a sufficient interval of time had elapsed, between the assault and the provocation given by the dead man, for the voice of reason and humanity to assert itself." The criticism against the charge is "That if in fact one is attempting to commit a 'serious personal injury upon,' and the assailant is killed, it would not be voluntary manslaughter, as the excerpt of this part of the charge says it would be, but under the law it would be justifiable homicide." The charge is substantially in the words of the statute, and is not erroneous.

2. Error is assigned on the following excerpt from the charge of the court: "All I can say is, the law declares that in order to justify a conviction based upon an alleged confession, they must in and of themselves independently connect the accused with the perpetration of the offense, without reference to the alleged confession." The criticism is that the charge is "vague, uncertain, and indefinite, and tends to mislead the jury." The excerpt quoted is only a part of the charge of the court on the subject of confessions, and, considering the charge as a whole, it is not vague, uncertain, or indefinite, and could not tend to mislead the jury. The charge is therefore not subject to the criticism made.

3. Error is assigned because the court allowed a witness for the State, an officer, who had been put under the rule for sequestration of witnesses, to testify, over the objection of counsel for the defendant that said witness had remained in the court-room within the hearing of the testimony of other witnesses for the State. *Held,* that the witness was not disqualified, and the complaint made furnished no cause for excluding his testimony. He was merely amenable to the court for contempt in disobeying its order. *May* v. *State,* 90 *Ga.* 800 (17 S. E. 108), and authorities cited.

4. The court did not err in refusing to allow evidence introduced by the accused as to the character of the deceased for violence, it being shown nowhere in the evidence that the deceased was the assailant, and such evidence could not be predicated on the statement of the accused. *Brooks* v. *State,* 150 *Ga.* 732 (3) (105 S. E. 362).

5. The evidence authorized the verdict.

                *Judgment affirmed. All the Justices concur.*

            No. 3290. OCTOBER 11, 1922.

Indictment for murder. Before Judge Hardeman. Fulton superior court. May 3, 1922.

*Graham & Cornwell,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, Seward M. Smith, assistant attorney-general,* and *E . A. Stephens,* contra.