30877. JOHNSON *v.* THE STATE.

Decided June 13, 1945.

*A. G. Liles, Marvin A. Allison,* for plaintiff in error.
*Hope D. Stark, solicitor-general, Roy Duncan,* contra.

MacIntyre, J. ■ The defendant moved for a continuance on account of the absence of a witness, his mother. She, under the showing, would have testified that about an hour before the fatal injury to the deceased, which was caused by the automobile driven by the defendant, she saw the defendant at her home and he was not drinking; that she was not present at court because her daughter was about to be confined and she was the only person at home to look after her. On the trial the defendant's sister, Mrs. Bruce, testified that the defendant came to her home on the night of the wreck at about six o'clock; that he stayed there twenty or thirty minutes and then went to the home of his mother and father. It was further shown that the mother would have testified that she did not think that the defendant was drinking during this visit in her home. Lawrence Johnson, a brother of the defendant, testified: "I . . live with my father and mother. I was at home the afternoon the wreck occurred from five-thirty until eight or eight-thirty. My brother Quinton [the defendant] came by the house at close to six o'clock, the regular time, and ate supper and sat around. He stayed around forty or forty-five minutes. I did not smell any alcohol on him and don't think he had been drinking." This was the same time and place that the mother, if she had been present, would have testified that the defendant was not drinking. The evidence for the State was that the defendant had been drinking between the time he left the home of his mother and the collision. The denial of the continuance was not reversible error, it appearing that the defendant's brother testified to the facts which the absent witness, his mother, was expected to testify to, and under the entire evidence, we do not think that the discretion of the court was abused in overruling the motion for a continuance. *Blount* v. *State*, 18 *Ga. App.* 204 (89 S. E. 78); *Huffman* v. *State*, supra; *Teal* v. *State*, 17 *Ga. App.* 324 (86 S. E. 739).

■ The defendant contended that the collision between the automobiles, which resulted in the death of the deceased, was a misfortune or an accident. Complaint is made that the court erred in refusing to give to the jury the following requested charge: "A crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention, or criminal negligence." This is in the

536

language of the Code, § 26-201. Considering the charge as a whole, it was not error to omit the requested instruction. The court charged in part as follows: "You are instructed that our law provides that a person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention or culpable neglect. If you determine that there was no evil design or intention, and no culpable negligence on the part of the defendant, but that the killing of Mr. John Jackson and Miss Carolyn Roberts was an accident, unmixed with any evil design or any culpable neglect on the part of the defendant, you would not be authorized to convict him of any offense." In *Hagood* v. *State,* 5 *Ga. App.* 80, 87 (62 S. E. 641), the court said: "We do not think, however,. that it is necessary for the judge to state this principle in the language of the Code [§ 26-201]; if he charges in such language as to convey to the jury this elementary principle of law it will be sufficient. Even without being told so, it is probable that any jury of ordinary intelligence would know that intention is an essential element of crime. Larceny after trust is, a statutory offense." The judge's instruction, as given in his own language, covered plainly and in substance the principle of law stated in the request. In fact, the instruction on this principle of law was not only correct but it was fuller than the instruction requested by the defendant, and the failure to give the charge in the language requested was not error. *Thompson* v. *State,* 67 *Ga. App.* 240, 246 (19 S. E. 2d, 777) ; *Clark* v. *State,* 52 *Ga. App.* 61 (2) (182 S. E. 195).

■ The only act or acts of the defendant, which the jury were authorized to find caused the death of the deceased, were unlawful acts, acts which were violations of a penal auto statute designed for the protection of life and limb. Thus the law of involuntary manslaughter in the commission of a *lawful act* in an unlawful manner was not applicable, under the evidence or the defendant's statement, and a failure to charge with or without request was not error.

■ The solicitor-general in his argument to the jury made the following statement: "You [under the evidence] should make a verdict of guilty in this case because it would be a precedent and show the public you will stop automobile collisions." We think,

in the absence of anything to the contrary, the solicitor-general's remarks should be regarded as a deduction from the evidence, hence the insertion of the brackets in these remarks by us. *Floyd v. State,* 143 *Ga.* 286, 289 (84 S. E. 971). When this statement was made by the solicitor-general, the defendant's counsel made a motion for a mistrial. Whereupon the court overruled the motion and stated to the jury: "The motion for a mistrial is overruled; but, gentlemen, you will be governed by the evidence in this case and all legitimate inferences from the evidence, and counsel has the right to argue the evidence and any legitimate inferences from the evidence, and I will ask counsel to observe that rule, and you may continue to argue the case." Even if we concede that the remarks were improper (not a mere appeal to convict under the evidence and enforce the law as a precaution against offenses of the same kind), we are of the opinion that any harm done by them was removed by the timely instructions from the court, and we, therefore, do not think that the judge committed reversible error in overruling the motion for a new trial. *Garrett v. State,* 71 *Ga. App.* 449, 452 (31 S. E. 2d, 244); *Manchester v. State,* 171 *Ga.* 121, 133 (155 S. E. 11); *Hicks v. State,* 196 *Ga.* 671 (27 S. E. 2d, 307); *Adkins v. Flagg,* 147 *Ga.* 136 (93 S. E. 92); *Patterson v. State,* 124 *Ga.* 408 (52 S. E. 534); *Georgia Power Co. v. Puckett,* 181 *Ga.* 386 (182 S. E. 384).

■ The evidence authorized the verdict for involuntary manslaughter in the commission of an unlawful act.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*