BEAM *v.* THE STATE.

WYATT, Justice. 1. The only argument presented in this court in so far as the general grounds of the motion for new trial are concerned is, "We respectfully insist that a new trial should be granted on the general grounds." We deem it sufficient to say that the evidence was ample to authorize the verdict. There is no merit in the general grounds.

2. Special ground one of the motion for new trial complains because the the trial judge excluded from evidence testimony to the effect that the deceased bore the reputation of being a person of violent, turbulent, and dangerous character. "The true rule . . is, that the defendant can offer proof that deceased was a person of violent, turbulent and dangerous character only where it is shown, prima facie, that the prisoner had been assailed and was honestly seeking to defend himself." *Doyal* v. *State,* 70 *Ga.* 134. See also *Crawley* v. *State,* 137 *Ga.* 777 (74 S. E. 537); *Hanye* v. *State,* 99 *Ga.* 212 (25 S. E. 307); *Gardner* v. *State,* 90 *Ga.* 310 (17 S. E. 86). The foundation for this character of evidence can not be furnished by the defendant's statement alone. See *Chapman* v. *State,* 155 *Ga.* 393 (117 S. E. 321); *Jones* v. *State,* 154 *Ga.* 423 (114 S. E. 326); *Weaver* v. *State,* 200 *Ga.* 598 (37 S. E. 2d, 802). The only testimony relied upon in the instant case to lay the foundation for this kind of testimony was the evidence of a boy eight years of age, who testified on direct examination that the deceased put his hand in his. pocket just before the shooting; then on cross-examination said that he could not see the deceased; and then finally, in answer to a question propounded by the trial judge, said: "He didn't put it in his pocket. He put it down by the side of his leg." It further appeared from the evidence that the deceased had made no attack on the plaintiff in error, and that, in a discussion between the deceased and the plaintiff in error, about all the deceased said was, "This is a damn free country and I can say what I want to." It further appeared that the deceased was shot in the back. Under these circumstances, it was not error to exclude evidence of the general reputation of the deceased for violence.

3. Special grounds two and three of the motion for new trial complain because the solicitor-general read to the court in the presence of the jury certain quoted excerpts from the opinion of this court in *Nix* v. *State,* 149 *Ga.* 304 (100 S. E. 197), and the trial judge denied a motion for mistrial and overruled the objection of the plaintiff in error to the reading of the excerpts. We deem it sufficient to say that the very excerpts objected to were held not to be improper in *Nix* v. *State,* supra. The trial judge in the instant case did instruct the jury "that they are not concerned with how many homicides have occurred in this

country." His statement to counsel for plaintiff in error, to the effect that, "As I recall, the Supreme Court has upheld the reading of that decision," was a true statement. See *Nix* v. *State*, supra. It follows, there is no merit in this ground of the motion for new trial. From what has been said above, it appears that there was no error in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 17640. Submitted October 9, 1951—Decided November 13, 1951.

*C. C. Pittman* and *W. B. Greene*, for plaintiff in error.

*Warren Akin, Solicitor-General*, contra.