## 43137. TERHUNE v. THE STATE.

BELL, Presiding Judge. 1. Defendant was convicted and sentenced for assault with intent to murder. The contention that the evidence demanded a finding that defendant was insane at the time the act charged against him was committed is without merit. See *Graham v. State*, 102 Ga. 650, 653 (29 SE 582); *Boyd v. State*, 207 Ga. 567, 569 (63 SE2d 394); *Fields v. State*, 221 Ga. 307, 308 (144 SE2d 339).

2. All applications for continuances are addressed to the trial judge's sound discretion (*Code* § 81-1419), which will not be controlled except for flagrant abuse. *Curry v. State*, 17 Ga. App. 377 (1) (87 SE 685) and citations. It was not an abuse of discretion to overrule defendant's motion for continuance based on the absence of a witness under the circumstances here. The case had been continued twice before because of the absence of the same witness, and there was no showing that defendant expected he would be able to procure the witness at the next term of court. Further, it appeared that the witness' non-expert opinion as to the insanity of defendant would be merely cumulative of that of five other witnesses who were present and who testified for defendant on the same issue. See *Huffman v. State*, 95 Ga. 469 (2) (20 SE 216); *Johnson v. State*, 155 Ga. 509, 511 (117 SE 434); *Blount v. State*, 18 Ga. App. 204 (1) (89 SE 78); *Hewitt v. State*, 27 Ga. App. 676 (2) (109 SE 679); *Clarke v. State*, 41 Ga. App. 556 (1) (153 SE 616); *Johnson v. State*, 72 Ga. App. 534 (1) (34 SE2d 555). The case of *Ryder v. State*, 100 Ga. 528, 531 (28 SE 246, 38 LRA 721, 62 ASR 334) is distinguishable in several respects. For one, in *Ryder* there was a detailed

showing of peculiar facts on which the absent witnesses would base their opinions.

3. It was not error to refuse to give in charge defendant's written request as follows: "All persons are presumed to be of sound mind and . . . the burden is upon the accused to rebut this presumption of sanity by a preponderance of the evidence. *The rule is not, however, universally approved, and seems to be inconsistent with the presumption of innocence.* The criminal intent is a material allegation of every indictment and is traversed by a plea of not guilty which puts in issue the question of criminal intent and the State should be required to show its existence beyond a reasonable doubt. . . ." The second sentence, which we have emphasized, renders the request an inaccurate and self-contradictory statement of the law. The language of the request, lifted from context in *Wilson v. State*, 9 Ga. App. 274, 286 (70 SE 1128) was obiter expressing the judicial writer's personal opinion that the burden should be upon the State to prove the sanity of an accused. Thus, as is frequently the case, this language used by the appellate judge in his opinion is inappropriate for use in a charge by a trial court judge. See *Merritt v. State*, 107 Ga. 675, 680 (34 SE 361); *Atlanta & W. P. R. Co. v. Hudson*, 123 Ga. 108, 109 (51 SE 29); *Lewis v. State*, 65 Ga. App. 214, 215 (15 SE2d 624).

4. Remarks of the solicitor general stating in his closing argument to the jury, "You are not concerned with the Board of Corrections and you are not concerned with the Pardon and Parole Board. You are only concerned with the guilt or innocence of this man," were not in violation of an Act of 1955 (Ga. L. 1955, p. 191; *Code Ann.* § 27-2206).

5. The court did not err in refusing to declare a mistrial because the solicitor general used the following language in his argument: "We are proud of our Atlanta police and we must support our police. When one of them is shot, we must prosecute and punish the individual who shot him, regardless of who it is." A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. See 23A CJS 202, Criminal Law, § 1107; 53 AmJur 371, Trial, § 465. And the solicitor may urge severe punishment of the accused. *Bailey v. State*, 153 Ga. 413 (4) (112 SE 453); *Smith v. State*, 74 Ga. App. 777,

791 (41 SE2d 541). The remarks here were well within the bounds of legitimate argument. Compare the remarks discussed in *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534); *Nix v. State,* 149 Ga. 304, 308 (100 SE 197); and *Jackson v. State,* 219 Ga. 819, 821 (136 SE2d 375).

*Judgment affirmed. Pannell and Whitman, JJ., concur.*

SUBMITTED OCTOBER 4, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 20, 1967—CERT. 

*Fullbright & Duffey, Harl C. Duffey, Jr., Harris & Royal,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, George K. McPherson,* for appellee.