### 50138. CHAMBERS v. THE STATE.

WEBB, Judge.

Virginia D. Butler was indicted for murder and convicted of voluntary manslaughter, and she now appeals. *Held:*

1. Enumerations of error 3 and 4 complain of the court's failure to give defendant's requests to charge on self-defense and justifiable force, but the record reveals that the court fully and fairly charged these principles. Although defendant contends that the court did not charge that self-defense may be utilized where danger is not actual but defendant believes that the danger is real, the record reveals that the court charged on defendant's "reasonable belief" in this regard in at least five instances. These enumerations are without merit.

2. Enumerations 5 and 7 urge that the court erred in failing to give defendant's requests to charge on defense of habitation and the right to use force to accomplish ejectment. Again, however, the record reveals that the court fully and properly charged these principles as provided for in Criminal Code § 26-903, and no error appears.

3. Complaint is made in Enumeration 10 that it was error for the court to charge, after giving the definition of common law marriage, that if the jury should find that defendant and deceased were common law man and wife, then defense of habitation should not be considered as a defense to the crime. It is not contended that the charge itself was erroneous, but rather that there was no evidence to authorize a finding that a common law marriage existed. We find no merit in this contention. There was evidence that the parties, after a divorce, attempted to resume the marriage, cohabiting and holding themselves out as man and wife. Accordingly the trial court properly left this issue for jury determination.

4. Enumeration of error 9 complains that the court erred in overruling defendant's motion for mistrial and in failing to admonish the prosecuting attorney for making in his closing argument improper statements about general prevention of crime and the deterrent effect of punishment.

It has been held that the following language was not grounds for a mistrial or rebuke of the prosecuting attorney: "The blood of this dead man calls upon you to punish this man and protect his family and relatives; and unless you have the manhood to write it in your verdict, you should be exiled from the good county of Heard" (*Patterson v. State,* 124 Ga. 408, 409 (52 SE 534)); district attorney characterized the defendant "as a brute, beast, an animal, and a mad dog who did not deserve to live" (*Miller v. State,* 226 Ga. 730, 731 (5) (177 SE2d 253)); "This boy is going to take these nembutals and sell to yours and my kids for a dollar apiece. If you want to turn him loose to do this, let him do it" (*Brand v. Wofford,* 230 Ga. 750, 754 (9) (199 SE2d 231)); "if the defendant was not guilty of murder, the weapon could be returned to him and he could go out and do the same thing again with impunity" (*Linder v. State,* 132 Ga. App. 624, 626 (5) (208 SE2d 630).

"A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. See 23A CJS 202, Criminal Law, § 1107; 53 AmJur 371, Trial, § 465." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291).

In *Jackson v. State,* 219 Ga. 819, 821 (136 SE2d 375), reaffirming the same ruling made in *Nix v. State,* 149 Ga. 304 (2) (100 SE 197) and *Beam v. State,* 208 Ga. 497 (2) (67 SE2d 573), the Supreme Court held it was not error to read to the jury the following quotation from another published decision: "'We have, however, no sympathy with that sickly sentimentality that springs into action whenever a criminal is at length about to suffer for crime. It may be a sign of a tender heart, but it is also a sign of one not under proper regulation. Society demands that crime shall be punished and criminals warned, and the false humanity that starts and shudders when the axe of justice

is ready to strike, is a dangerous element for the peace of society. We have had too much of this mercy. It is not true mercy. It only looks to the criminal, but we must insist upon mercy to society, upon justice to the poor woman whose blood cries out against her murderers. That criminals go unpunished is a disgrace to our civilization, and we have reaped the fruits of it in the frequency in which bloody deeds occur. A stern, unbending, unflinching administration of the penal laws, without regard to position or sex, as it is the highest mark of civilization, is also the surest mode to prevent the commission of offenses.' "

In view of these and similar cases, the remarks made here were innocuous. "Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson v. State,* 124 Ga. 408, 409, supra. We find no reversible error.

5. The evidence was sufficient to support the verdict, and Enumerations 1, 2 and 8 are without merit.

6. Enumeration no. 6 has been expressly abandoned.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED JANUARY 7, 1975 — REHEARING DENIED FEBRUARY 20, 1975 —

*Howe, Howe & Sutton, D. B. Howe, Sr.,* for appellant.
*John T. Perren, District Attorney, Ben F. Smith, Roy E. Barnes,* for appellee.

ON MOTION FOR REHEARING.

Defendant originally contended that the charge dealt with in Division 3 of the opinion was not adjusted to the evidence — she now seeks to "mend her hold" on motion for rehearing by contending that the charge was abstractly incorrect. In her brief, defendant undertook to support enumeration of error 10 by arguing that the charge was erroneous because the evidence was insufficient to authorize a finding that a common law

marriage existed. The argument was supported, as required by our Rule 18 (c) (2), by reference to portions of the record concerning the marital relationship and by citation of authority dealing with the requisites of a common law marriage. After we have met the issue presented by searching the transcript for evidence of a common law marriage and have determined the issue adversely to defendant, she now says to us, as did the lady to Mr. Prufrock: "That is not what I meant at all. That is not it, at all,"[1] and contends (without citation of authority) that the charge was abstractly incorrect. We do not condone this practice and do not agree, as defendant asserts in her motion for rehearing, that failure to successfully support enumeration of error 10 is sufficient ground for a rehearing. Rules 18(c 2), 33(f), this court.

In any event defendant could not have been harmed by any limitation in the charge on the right to use force in defense of habitation. Criminal Code § 26-903 provides that "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to prevent or terminate such other unlawful *entry into or attack upon,* a habitation. . ." (Emphasis supplied.) In this case the confrontation between the parties in defendant's house had ceased, the decedent had gone outside, and defendant had also exited the house and was attempting to leave the same in her automobile when, according to her testimony, she "accidentally" shot the decedent with a shotgun. In these circumstances we fail to see how Code Ann. § 26-903 was even applicable, and defendant received a more favorable charge on that section than that to which she was entitled.

*Motion for rehearing denied.*

---

[1] Eliot, The Love Song of J. Alfred Prufrock, T. S. Eliot Collected Poems 16 (Harcourt, Brace & Co. 1936).