## 51292. BRYAN v. THE STATE.
## 51293. CLAY v. THE STATE.

CLARK, Judge.

Appellants Bryan and Clay were jointly indicted on three counts of burglary and tried jointly before a jury in separate trials for each count. (Appellant Clay's brother was also indicted on one of these counts, to which he pleaded guilty.) Both appellants were found guilty of each of the three counts. They now appeal from the judgment, enumerating similar errors regarding the court's refusal to suppress items seized from Bryan's property and from Clay's car, the overruling of motions for directed verdict as to one of the counts, the correctness of jury instruction, and the overruling of objections to allegedly improper remarks of the district attorney. *Held:*

1. The overruling of appellants' motions to suppress raises several questions for determination.

(A) Did the warrant describe with sufficient particularity the object of the search? The warrant was directed at the premises of appellant Bryan, "located at 11th residence on right going North on Bogger Bottoms Road off Ga. 85. Cream colored mobile home with brown trim and wood front porch." We conclude that the premises were described "with such particularity as to enable a prudent officer executing the warrant to locate the person and place definitely and with reasonable certainty, without depending upon his discretion." *Jones v. State,* 126 Ga. App. 841, 842 (192 SE2d 171). Appellants' contention that the document is a "general warrant" is without merit. *Jackson v. State,* 129 Ga. App. 901 (201 SE2d 816); *Grant v. State,* 130 Ga. App. 237 (202 SE2d 675).

(B) Did probable cause exist for the issuance of the warrant? The affidavit's recitation that the informer has given information in the past and that this information has led to arrests and convictions satisfies the required showing as to the informer's reliability. *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Tomblin v. State,* 128 Ga. App. 823 (198 SE2d 366); *Currington v. State,* 129 Ga. App. 161 (199 SE2d 268). While the affidavit fails to set forth any of the underlying circumstances concerning the

source of the informer's information, the affiant testified at the suppression hearing that the informer had seen the stolen items on Bryan's property and that he knew the merchandise to be stolen because of the large number of similar or identical items. This information, which was provided to the issuing magistrate, satisfies the second requirement of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). See *Campbell v. State,* 226 Ga. 883 (178 SE2d 257); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42). The trial court did not err in ruling that the warrant was issued upon a proper finding of probable cause.

(C) Did the officers, in executing the warrant, impermissibly seize items from areas beyond the scope of the warrant? "[A] search warrant for the home of a named individual at a particular location includes authority to search the curtilage. [Cits.]" *Moon v. State,* 120 Ga. App. 141, 144 (169 SE2d 632). The seizure of items within the curtilage of Bryan's residence was proper and not impermissible in scope. Appellants also contend that certain items were seized in areas beyond the curtilage of Bryan's residence. It is not clear from the record, however, which particular items were seized in this area or whether any of these items were introduced in evidence. In any event, no objection to the admission of any of the items was made on this basis. Appellants therefore waived any objection to admissibility on this ground.

(D) Did the officers have authority to seize items from Clay's automobile, which was parked on Bryan's property? Since the trunk of this vehicle was open and various items were in the officer's plain view, we answer this question affirmatively. It has many times been recognized that officers are not required to ignore that which is in plain view and readily observable. *Scott v. State,* 122 Ga. App. 204, 206 (176 SE2d 481). As the officers were lawfully executing a warrant, and thus were entitled to be on Bryan's property, the plain view doctrine affords a proper basis for sustaining the seizure of the goods in Clay's car. Ker v. California, 374 U. S. 23 (83 SC 1623, 10 LE2d 726); *Lewis v. State,* 126 Ga. App. 123 (190 SE2d 123); *Boyd v. State,* 133 Ga. App. 136 (210 SE2d 251). The trial court's refusal to suppress the seized items was not erroneous for any of the reasons urged.

2. Appellants enumerate error on the overruling of their motions for directed verdict with respect to their convictions arising out of the burglary of a storage shed owned by Irene Pratt (Case No. 793, Page 133, Count II). Allen Pratt testified that his mother's shed had been broken into and that several tools and a chain saw had been stolen. Sheriff Branch stated that Pratt's chain saw was found at Bryan's residence in his barbecue pit. This was the only item recovered from the theft. Clay's brother pleaded guilty to this burglary and, in a statement given to Sheriff Branch, he said that Bryan had participated in the burglary, but that he was not sure whether appellant Clay was also present. Clay's brother also testified at trial, stating that Bryan was passed out from intoxication in his car during the burglary and that Clay was not with them. Clay denied participation in the burglary and Bryan testified that he was too drunk to remember what he did that day.

Where, in a criminal case, there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal as a matter of law, it is incumbent upon the trial judge to grant a motion for a directed verdict of acquittal and his failure to do so constitutes reversible error. *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

(A) As to appellant Clay, we think it clear that the evidence was insufficient to support his conviction. The only item recovered from the burglary was the chain saw found at Bryan's residence and in Bryan's sole possession. While Clay's car was parked on Bryan's property and was filled with other stolen items, Clay was not shown to have possessed any of the fruits of the Pratt burglary. The only evidence linking Clay to this burglary was the statement of his brother, who pleaded guilty to the offense, that he was "unsure" as to whether Clay was with him during his commission of the crime. This statement does not constitute even a shred of evidence and, without more, raises no issue as to Clay's guilt. The trial court erred in refusing to direct a verdict of acquittal for appellant Clay on this count.

(B) The state's case against Bryan rests on more

solid ground. His possession of the stolen chain saw together with the evidence of his presence at the scene of the crime was sufficient to authorize the conviction. "Where stolen goods are found in the possession of the defendant charged with burglary, recently after the commission of the offense, that fact would authorize the jury to infer that the accused was guilty, unless he explained his possession to their satisfaction." *Mathews v. State,* 103 Ga. App. 743 (120 SE2d 359); *Myerholtz v. State,* 109 Ga. App. 352 (136 SE2d 165). The evidence presented satisfied the requirements of the circumstantial evidence rule and raised a question of guilt that properly was submitted to the jury for determination. *Harvey v. State,* 111 Ga. App. 279 (141 SE2d 604); *Brown v. State,* 125 Ga. App. 300 (187 SE2d 301).

3. Appellants enumerate several errors upon that portion of the jury charge concerning recent possession of stolen goods. It is contended that the charge is an erroneous statement of the law and that it is burden-shifting. However, the instruction given is substantially the same as the charges approved in *Sanford v. State,* 129 Ga. App. 337 (2) (199 SE2d 560), *Knowles v. State,* 124 Ga. App. 377, 378 (3) (183 SE2d 617), and *Craft v. State,* 124 Ga. App. 57, 59 (6) (183 SE2d 37). See also *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251). The jury was properly instructed as to the defendants' presumption of innocence and the state's burden of proof. In addition, the definition given as to actual and constructive possession is correctly stated and nearly identical to the language approved in *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872). These enumerations are therefore without merit.

4. Clay's brother-in-law testified as a defense witness. On direct examination, and in response to defense counsel's questioning, he stated that Sheriff Branch "picked me up twice and tried to charge me for burglary and stuff like that and I told him I didn't know anything about it." The witness also testified that he was told he would be charged with burglary, but that he was never so charged. The witness's statement asserted blameless conduct on his part and wrongful accusation by Sheriff Branch. In fact, however, the witness had been

indicted for theft by taking in relation to this same occurrence. The district attorney's question concerning the fact of this indictment was not an improper area of cross examination in light of the erroneous impression created by the witness's earlier testimony. As defense counsel had opened the door to this line of inquiry, the trial judge correctly overruled the objection to the district attorney's question.

5. Two enumerations contend that the district attorney, in his closing argument, confused the jury by stating erroneous legal principles. In both instances, the trial judge, while overruling appellants' timely objection, informed the jury that he alone was to instruct them as to the law. In view of this cautionary statement and the correct jury instructions which followed, we cannot agree with the appellants' claim of prejudice. As appellants have failed to demonstrate harm, we can discern no cause for the grant of a new trial on this ground.

6. In his closing argument, the district attorney stated, "If I were sitting on the jury, I'd say, How dare them insult my intelligence with a cock-and-bull-trashy story." Appellants contend that the statement constitutes an expression of personal opinion as to the defendants' guilt, as opposed to an argument based upon the evidence, and that the trial judge erred in overruling the objection to this remark.

"Counsel 'is never justified in expressing the opinion . . . that one whom he is pursuing is guilty. Such opinion is not legal evidence, and in no circumstances, and at no step of the proceedings, is he entitled to thrust it into the case . . .' [Cit.] *Broznack v. State,* 109 Ga. 514, 516 (35 SE 123). In order for a statement of this sort to constitute reversible error, however, it must be abundantly clear that the argument is wholly unrelated to the evidence. "[A] statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt . . . should be construed to mean that the testimony led him to this conclusion, and that the jury should reach the same conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence. [Cits.] What the law condemns is the injection into the argument of extrinsic and prejudicial

matters which have no basis in the evidence." *Floyd v. State,* 143 Ga. 286, 289 (84 SE 971).

By prefacing his remark with the words, "If I were sitting on the jury," the district attorney made obvious reference to the jury's role as finders of fact and to their duty to weigh the evidence. His characterization of appellants' explanation of their possession may have been expressed caustically, but the remark was addressed to the improbability of appellants' assertions in light of other evidence. The district attorney's statement was within the bounds of permissible argument.

7. Appellants' remaining enumerations concern allegedly improper remarks by the district attorney in his closing argument. Having carefully reviewed each of these statements, we conclude that the remarks were not improper for any of the reasons urged. A district attorney "may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291). The statements made here appear innocuous in comparison with remarks held to be within permissible bounds in cases such as *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534), *Brand v. Wofford,* 230 Ga. 750, 754 (9) (199 SE2d 231), and *Jackson v. State,* 219 Ga. 819, 821 (136 SE2d 375). "Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." *Patterson v. State,* supra at 409. "It is not objectionable for counsel to embellish the argument with figurative speech, provided prejudicial facts extrinsic of the record are not introduced." *Taylor v. State,* 121 Ga. 348 (7) (49 SE 303). See generally *Chambers v. State,* 134 Ga. App. 53, 54 (4) (213 SE2d 158); *Quaid v. State,* 132 Ga. App. 478, 483 (2) (208 SE2d 336). The statements here did not involve matters extraneous to the evidence presented. Accordingly, we find no error.

8. For the reasons set out in Division 2, the conviction of appellant Clay in Superior Court Case No. 793, Page 133, Count II is reversed. The remainder of the judgment is affirmed.

*Judgment affirmed in Case No. 51292; judgment*

*affirmed in part and reversed in part in Case No. 51293. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 9, 1975 — DECIDED JANUARY 5, 1976.

*Steven E. Fanning,* for appellants.
*William F. Lee, Jr., District Attorney,* for appellee.