## 60930. KEYS v. THE STATE.

BANKE, Judge.

The appellant, indicted for the murder of her husband, was found guilty of voluntary manslaughter and sentenced to 15 years in prison. The sole error enumerated on appeal concerns the following statement by the state's attorney in closing argument. "The verdict in this case is going to announce to all who will hear the kind of conduct that took place in this case insofar as the specific deed by the defendant is concerned is either approved or disapproved. All you

people out there, you don't behave this way. Or, all you people out there, you can behave this way."

The argument was objected to, and a motion for a mistrial was requested and denied. *Held:*

"Attorneys should be allowed all reasonable latitude in argument of cases to the jury, provided they do not go outside the facts legitimately appearing from trial, and lug in extraneous matters as if they were a part of the case." *Smith v. State,* 74 Ga. App. 777 (4) (41 SE2d 541) (1947). "The law forbids the introduction into a case of facts which are calculated to prejudice the jury, and counsel must confine argument to facts and circumstances of a case and cannot introduce new matter in evidence for consideration of the jury by way of argument or by stating his personal belief." *Woodard v. State,* 91 Ga. App. 374 (5) (85 SE2d 723) (1955). However, "[a] solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard." *Terhune v. State,* 117 Ga. App. 59, 60 (159 SE2d 291) (1967). We believe the remark in question would have been more appropriate if phrased in a rhetorical form. However, in our view, the argument complained of was not so excessive that reversal is required. Compare the arguments at issue in *Patterson v. State,* 124 Ga. 408, 409 (52 SE 534) (1905); *Nix v. State,* 149 Ga. 304, 308 (100 SE 197) (1919); and *Jackson v. State,* 219 Ga. 819, 821 (136 SE2d 375) (1964).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 3, 1980 — DECIDED NOVEMBER 21, 1980 —

*Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.