## 76216. JOHNSON v. THE STATE.

(371 SE2d 419)

McMurray, Presiding Judge.

Defendant appeals his convictions of two counts of rape, two counts of armed robbery, aggravated sodomy, criminal attempt to commit aggravated sodomy, burglary and criminal attempt to commit rape. *Held*:

1. Defendant's first enumeration contends the trial court erred in allowing a fingerprint examiner of the State Crime Laboratory to testify, arguing that the State failed to comply with his request under OCGA § 17-7-211 to produce the results of any scientific tests 10 days prior to trial. This contention is without merit.

Defendant filed a *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), motion requesting "[t]he results of any scientific analysis or other tests, experiments, or studies made in connection with this case or copies of same." This motion was insufficient to invoke the requirements of OCGA § 17-7-211. *Massey v. State*, 251 Ga. 515, 516 (2) (307 SE2d 489).

2. Next, defendant contends the trial court erred in charging that "a person commits the offense of burglary when without authority he enters any building or dwelling of another in any room or any part thereof with intent to commit a theft therein." Defendant argues that this instruction was erroneous because he was indicted for burglary by entering, without authority, the victim's "dwelling house" with the "intent to commit a felony, to wit: RAPE therein . . ."

An examination of the record reveals that, upon defense counsel's objection, the trial court reinstructed the jury as follows: "Members of the jury, . . . I didn't mean to mislead you. I didn't mean to give you the law improperly, but I want to define burglary again to you so that you will understand what the offense of burglary is. Our law says that a person commits the offense of burglary when without authority he enters any building or dwelling house of another or any room or part thereof with the intent to commit a felony therein. Members of the jury, rape is a felony. A felony is defined as any offense for which a person could be sentenced to a term of more than twelve months in the penitentiary."

Defendant contends that the clarifying instruction was insufficient because the trial court failed to withdraw the prior erroneous instruction on burglary. See *Salisbury v. State*, 221 Ga. 718 (2) (146 SE2d 776). We do not agree. The trial judge's instruction that he "didn't mean to mislead [the jury by giving] the law [on burglary] improperly . . ." was sufficient to place the jury on notice that the previous charge was superseded by the clarifying instruction. Further, even though the trial court gave an inapplicable instruction on the law of burglary, we find no harm to defendant since the trial court's

clarifying instruction on burglary was properly adjusted to the circumstances of the case sub judice and since it is highly unlikely that the inapplicable charge confused the jury. "[A]n inapplicable charge is not cause for a new trial where it is not prejudicial to the accused. *Garner v. State*, 174 Ga. App. 628, 630 (4) (330 SE2d 750) (1985)." *Durham v. State*, 181 Ga. App. 155, 157 (4), 158 (351 SE2d 683). This enumeration is without merit.

3. In his third enumeration of error, defendant contends the trial court erred in its charge on criminal attempt as this charge was "incomprehensible . . . as it left the jury with no guidance whatsoever in determining whether the defendant was guilty of criminal attempt to commit sodomy, aggravated sodomy, or rape." As the trial court, during its charge, fully instructed the jury on aggravated sodomy and on rape and also instructed on criminal attempt, we find it highly unlikely that the jury was unable to determine whether defendant was guilty of the attempt to commit each of these crimes as charged. " 'The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same. (Cits.) . . .' *Bowles v. State*, 168 Ga. App. 763, 765 (4) (310 SE2d 250) (1983)." *Turner v. State*, 178 Ga. App. 888, 889 (3), 890 (345 SE2d 99).

4. In his fourth enumeration of error, defendant contends the trial court erred in failing to grant his motion for a mistrial after "the District Attorney, during closing argument, implored the jury to return a guilty verdict for the benefit not only of the victims in the case, but also for the community and the county." We do not agree.

" 'A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. See 23A CJS 202, Criminal Law, § 1107; 53 AmJur 371, Trial, § 465.' *Terhune v. State*, 117 Ga. App. 59, 60 (159 SE2d 291)." *Chambers v. State*, 134 Ga. App. 53, 54 (4) (213 SE2d 158). " 'Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies.' *Patterson v. State*, 124 Ga. 408, 409 [(52 SE 534)]." *Chambers v. State*, 134 Ga. App. 53 (4), 55, supra. In the case sub judice, the remark complained of by defendant did not require the trial court's rebuke of counsel nor was it grounds for a mistrial. See William W. Daniel's, Ga. Criminal Trial Practice, (1986 ed.), §§ 23-5 thru 23-7.

5. We have reviewed the entire trial transcript and find that the evidence adduced at trial was more than sufficient to authorize defendant's convictions of the offenses of two counts of rape, two counts of armed robbery, aggravated sodomy, burglary, criminal attempt to commit aggravated sodomy and criminal attempt to commit rape under the standard of proof required in *Jackson v. Virginia*, 443

U. S. 307 (99 SC 2781, 61 LE2d 560).
*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JUNE 13, 1988 —
REHEARING DISMISSED JULY 12, 1988.

*Daniel J. Craig*, for appellant.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.