A91A0706. HENDRIX v. THE STATE.
(405 SE2d 121)

McMURRAY, Presiding Judge.
In this case, the defendant was charged with two counts of murder, one count of aggravated assault, one count of carrying a concealed weapon and one count of carrying a pistol without a license. This appeal follows the denial of defendant's motion for a new trial. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in refusing to give the following request to charge: "In considering defendant's defense of self-defense, I charge you that you may consider any evidence, if any there be, introduced in this case as to the victims' . . . general character and reputation; their reputation, if any, for being violent; their reputation, if any, for committing robberies; their reputation; if any, for carrying dangerous weapons; and their prior acts, if any, of violence against the defendant and against third parties (of which defendant had knowledge). . . ."

We find no error. The portion of the request to charge that pertains to prior acts of violence committed by the victims against third persons was an incorrect statement of the law. *Hill v. State*, 259 Ga. 655 (386 SE2d 133); *Lolley v. State*, 259 Ga. 605 (385 SE2d 285).

2. Defendant presented evidence of self-defense. In his second enumeration of error, he contends the trial court erred in refusing to permit him to testify about a specific act of violence which the victims committed against a third party and of which he had personal knowledge. This contention is without merit in light of *Hill v. State*, 259 Ga. 655, supra; *Lolley v. State*, 259 Ga. 605, supra.

3. The prosecution's characterization of defendant during closing argument as an "executioner" did not present grounds for reversal. The characterization was supported by the State's version of the evidence. See *Lee v. State*, 186 Ga. App. 332, 334 (2) (367 SE2d 115) (characterization of defendant as a "bandit"). Besides, in view of defendant's acquittal on the murder counts, it cannot be said that the prosecution's characterization harmed defendant.

Nor can it be said that a mistrial should have been granted when the prosecution argued that defendant should not be permitted to go back on the street after killing two people. " 'A solicitor general may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard. See 23A CJS 202, Criminal Law, § 1107; 53 AmJur 371, Trial, § 465.' *Terhune v. State*, 117 Ga. App. 59, 60 (159 SE2d 291)." *Chambers v. State*, 134 Ga. App. 53, 54 (4) (213 SE2d 158). Accord *Lumpkin v. State*, 136 Ga. App. 828, 829 (3) (222 SE2d 669).

Defendant's third enumeration of error is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 2, 1991.

*John A. Pickens, Douglas B. Ammar*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Alfred D. Dixon, Richard E. Hicks*, Assistant District Attorneys, for appellee.